IN THE

# COURT OF ERRORS AND APPEALS

OF THE STATE OF NEW JERSEY,

## ON APPEAL FROM THE COURT OF CHANCERY,

### MARCH TERM, 1880.

---

LLOYD CHAMBERLAIN, appellant,

*v.*

WILLIAM Z. LARNED, receiver, and others, respondents.

1. If a court is incidentally informed, or has reason to believe, that its process has not been properly executed, and that injustice is likely to ensue, it is proper for it, of its own motion, to interfere temporarily so that the matter can be inquired into.

2. When a sheriff, without instructions, adjourned the sale of valuable property from week to week in his office, and then sold without any further advertisement, it appearing that the owner of the property sold had been misled by such course, and was unaware of the sale,— *Held*, that it was proper to set such sale aside upon equitable terms.

3. The neglects of a receiver appointed by the court will not be regarded, in all cases, as the neglects of the parties whose interests he has in charge.

---

On appeal from a decree of the chancellor, reported in *Trustees &c.* v. *N. J. West Line R. R. Co., 3 Stew. 494.*

---

NOTE.—In *Patten* v. *Stewart, 26 Ind. 395,* a sale of lands, after an injunction staying such sale had been dissolved, on a day to which it had been orally adjourned pending such injunction, was held void. See, also, *Montgomery* v. *Barrow, 19 La. An. 169; Williams* v. *Barlow, 49 Ga. 530.*—REP

Chamberlain *v.* Larned.

*Mr. T. N. McCarter*, for appellant, cited:

*Randolph* v. *N. J. West Line R. R. Co.*, *1 Stew. 49; Hewitt* v. *Montclair Railway Co.*, *10 C. E. Gr. 392; Wilkins* v. *Kirkbride*, *12 C. E. Gr. 93*, and cases there cited; *Parkhurst* v. *Corey*, *3 Stock. 233–6; Hayes* v. *Stiger*, *3 Stew. 196*, and cases there cited; *Wheeler* v. *Kirtland*, *12 C. E. Gr. 333; Simmons* v. *Vandegrift, Sax. 55; Conover* v. *Walling, 2· McCart. 173; Wilson* v. *Bellows, 3 Stew. 82; Nichols* v. *Dissler, 2 Vr. 461.*

*Mr. Frederick T. Frelinghuysen*, for respondents, cited:

*Rorer on Judicial Sales (2d ed.)* § *545; Lefevre* v. *Laraway, 22 Barb. 167, 175; 2 Dan. Ch. Pr. (4th ed.) 1462, 1463; Williamson* v. *Hyer, 4 Wend. 175; Rawley* v. *Van Bethuysen, 16 Wend. 382; Black* v. *Lamb, 1 Beas. 108; Moore* v. *Raggi, 5 Stew. 273; Garr* v. *Hill, 1 Hal. Ch. 639; Regus* v. *Hosack's Ex'rs, 18 Wend. 329; Meyer* v. *Bishop, 12 C. E. Gr. 142; Cummins* v. *Little, 1 C. E. Gr. 48; Sugg* v. *Thrasher, 30· Miss. 135; Collins* v. *Frazier, 27 Ind. 477; Blood* v. *Martin, 21 Ga. 127; Herman on Executions, p. 610; High on Injunctions* § *269.*

The opinion of the court was delivered by

BEASLEY, C. J.

The appellant in this case is the purchaser at a foreclosure sale. The sale in question was made by the sheriff, and, before the delivery of a deed by the officer, was set aside by the chancellor.; and it is the propriety of this order which. is called in question on this review.

At the threshold of the inquiry here, the counsel of the respondent objects to the jurisdiction of this court, for the reason that such an order as this is not appealable. The ground assigned for this position is, that such an order is. only incidental to the proceedings, and is not definitive of any established right. But this contention, I think, is. plainly unfounded. A purchaser at an official sale becomes. invested with a fixed and definite legal right, which .is·

Chamberlain v. Larned.

recognized and enforced by the law, and of which he cannot be deprived except upon some legal or equitable ground. The consequence, therefore, is, that if such right be capriciously abrogated, or its enforcement refused, without just cause, he is, in legal contemplation, injured, and, as to him, the order producing such an injurious result is final in its nature. If such, then, be the position of this appellant, and this is his contention, he is obviously a person aggrieved by an order or decree of the court of chancery, and, by force of the statute, has a right to apply to this court for the redress of his wrong. The decisions are pointed to this effect. In the case of *National Bank of the Metropolis* v. *Sprague, 6 C. E. Gr. 458*, an appeal was held to be properly taken from an order of the chancellor refusing to set aside a sale, the reason assigned for such decision being that the matter involved in such an order did not rest in discretion. In the opinion read in that case, it is expressly said that, on such an occasion, the chancellor " has no discretion in the decision, but must determine according to the settled rules of law and equity." The judgment in *Smith* v. *Alton, 7 C. E. Gr. 572*, is of the same complexion. These were appeals in which the owners of the property sold were the actors; but that is an immaterial circumstance, for it would seem inconsistent with all rational principles to maintain that, in such a respect, the owner of the property stands upon a higher ground than the purchaser. If the motion to set aside the sale be not a matter of discretion, when urged by the owner, neither can it be such when resisted by the buyer. But as the point is settled by copious authority, it is not necessary to discuss further its principles. The doctrine is stated by Daniel, in his *Chancery Practice, p. 1461*, in these words : " It has also been determined by the house of lords, that a purchaser under a decree, though no party to the suit, may appeal from an order setting aside a bidding and ordering a new sale." The cases cited in support of this are *Ryder* v. *Earl Gower, 6 Bro. P. C. 306*, and *Barlow* v. *Osborn, 6 H. of L. Cas. 556*. In the state of New York, during the time of

Chamberlain *v.* Larned.

the old court of errors, an appeal of this character was entertained in the case of *Collier* v. *Whipple, 13 Wend. 224.* The same course is recognized in the supreme court of the United States in *Blossom* v. *Milwaukee & C. R. Co., 1 Wall. 656, 2 Wall. 234.*

The order in question was the proper subject of an appeal on the part of the purchaser.

The merits of the order setting aside this sale are, therefore, to be considered and disposed of.

The facts can be fully ascertained by referring to the opinion of the chancellor, so that it is not necessary that they should be restated in detail. Only a few of them are important, in my judgment, and I shall, therefore, confine my attention to such of them as are deemed of that character.

The fee of the property mortgaged, and which was sold, was claimed by Mr. Larned as the receiver of the West Line Railroad Company. It consisted of a tract situated in Communipaw Cove, part of which had been reclaimed, the residue being still under water. In the foreclosure suit, this land was advertised for sale on the 27th of January, 1876; it was not sold until nearly three years afterwards, the sale having been adjourned from week to week. The sale finally took place on the 26th of December, 1878, there having been one hundred and fifty-three adjournments. These postponements had been made by the sheriff of his own motion, the attorney-general, who represented The Trustees for the Support of Public Schools, who were the complainants in the foreclosure suit, being unaware of the course thus taken by the officer. The property brought, at this sale, the sum of $123,000, being struck off to the appellant, as the agent of the Easton and Amboy Railroad Company.

The reason of this prolonged delay in selling this property was, because the title was under a cloud. The receiver of the New Jersey Central Railroad Company, in behalf of that corporation, claimed these premises under an alleged paramount right, and, as it was obvious that such a contention impaired the marketable value of the property, the

Chamberlain *v.* Larned.

receiver of the West Line road had been prevented, on this ground, by the order of the chancellor, from disposing of it at public sale. This prohibition had occurred between the day of sale designated in the sheriff's advertisement and the day on which the sale took place. During this same interval, the receiver of the Central road had prevented the sheriff from selling, by an injunction issued out of the circuit court of the United States. It was upon the dissolution of this injunction that the sheriff proceeded to make the sale above mentioned.

It thus appears that the sheriff's sale took place on the 26th of December, 1878. The deed was to be delivered on the 2d of the following January. On the 30th of December, the chancellor wrote a letter to the sheriff, stating that application had been made to him for time to bring in a petition to set aside this sale, on the ground of misapprehension as to the time of the sale on the part of some parties interested, and instructing the officer to defer the delivery of the deed for one week from the date of such communication.

It is this direction to the sheriff that forms the subject of the first exception taken in behalf of the appellant, to the proceedings in the court of chancery. The contention on this point was pressed with unwonted vehemence, the argument being that the course pursued in this particular by the chancellor was irregular and illegal; that the statute imposed the duty on the sheriff to deliver a deed to the purchaser on the stipulated day; that the right to such deed was a right vested in the purchaser, of which he could not be deprived except by due process of law, and that this letter to the sheriff cannot, in any just sense, be said to be such due process. But it is the opinion of this court that this contention is not supported by right, reason, or by any principle that regulates equitable procedures. It is true that a purchaser at a sheriff's sale acquires a vested right, which is, like all other legal rights, indefeasible except by the operation of legal methods; but then one of such

methods is the judgment of the court under whose order such sale has occurred, in the exercise of its supervision over the execution of its own process. Such power of supervision is one of the essential prerogatives of a court, and it is a mistake to suppose that it can be exercised only when it has been appealed to in a formal manner by a party alleging himself to have been injured. The court executes its decree by the hand of its officer, and it is, therefore, part of its official obligation to see that such act is, in all respects, properly performed. When a party is wronged, in such an instance, it is the power of the court that is abused, and it would be strange indeed if, in whatever way such abuse might be made to appear, the court could not, by its spontaneous action, rectify the proceeding and repair the wrong. If the court, deriving its intelligence from any source, has reason to believe, or to apprehend, that its process has been misused, and the circumstances are such as to raise a reasonable presumption that such misuse will be detrimental to the legal rights or equities of the persons interested, it would seem that no judicial duty was more plain than the duty of the judge, either on his own motion or at the instance of a party, to put on foot an inquiry into the affair. Knowledge of the single fact that a property of this value had been sold under an obsolete advertisement after adjournments in the sheriff's office for nearly three years, was of itself sufficient to raise a rational distrust with respect to the propriety of such a procedure, and to call for such a measure of intervention by the court as was requisite to bring the matter *sub judice*. In the present case, the chancellor having become apprised of the situation, and of the desire of some of the persons interested to have the proceeding reviewed, by his letter arrested the action of the sheriff for the space of three days, so as to afford an opportunity to effect that purpose; and, in the opinion of this court, that step was as legal as it was judicious. The purchaser had taken his right subject to such revision, and could not justly claim to hold his purchase if the sale turned out to be

inequitable by reason of accident, mistake, or the omissions, misconduct or neglects of the officer in making it.

Neither does it appear to this court that the subsequent order of the chancellor setting aside this sale, is inequitable. The conduct of the sheriff, almost of necessity, made the sale a surprise to the parties interested. Such conduct was irregular and unusual in the extreme. The attorney-general, who represented the complainants in the foreclosure suit, had instructed the sheriff to discontinue his adjournments, and, in disregard of such order, they were continued, and, to the surprise of the attorney-general, he was so informed just before the day of sale. But for such notification he would have been as much led astray with respect to these proceedings as it now appears the other parties were. There can be no doubt that, in point of law, the title of this purchaser, if allowed to stand in this case, would be good, and yet the sheriff, in making these adjournments, in defiance of his instructions, took upon himself an unusual and perilous responsibility, for he plainly rendered himself liable to amercement. But it is enough to say, in this case, that the course pursued by this officer was such as naturally had the effect of throwing the receiver, Mr. Larned, and the other parties interested, off their guard, and that, in point of fact, it appears that they were misled by it. The affidavits, also, satisfactorily show that there is just ground for believing that the property has not produced anything like its real value, and, under these circumstances, the question arises, Why should this sale be permitted to stand? The principal reason urged in favor of establishing the proceeding is, that Mr. Larned, the receiver, was culpably negligent in not ascertaining to a certainty whether the adjournments had been discontinued by the officer. But who would have imagined, after the lapse of nearly three years, that these continuances had been kept up all that time, week after week, in the private office of the sheriff. It seems to me that it was entirely reasonable to conclude, as all the parties, including the attorney-general himself,

did conclude, that this property, according to the usual course, would be re-advertised for sale. But even if, in such a particular, some inattention or indiscretion were attributable to this receiver, it would not affect the result, for the receiver is as much an officer of the court as the sheriff is. He is not an agent chosen by the parties, and they have a right to appeal to the court that put him in his place of trust, to protect them, as far as possible, against his miscarriages.

It also appears that the order appealed from was made upon the most equitable grounds practicable, the rights of all parties being carefully protected. The installment paid by the purchaser, on his bid, was ordered to be returned to him, and a well-secured bond taken, guaranteeing that, on a resale, this property should produce the whole of the claim due and to grow due to the Trustees for the Support of Public Schools, principal, interest and costs.

This order should be affirmed, with costs.

Decree unanimously affirmed.