LAURA A. ATWOOD et al.

*v.*

ABBIE A. CARMER et al.

FREDERICK WIEBKE

*v.*

ABBIE A. CARMER et al.

[Decided May 10th, 1909.]

1. Any defendant, as to whom provisions for foreclosing his right of redemption are expressly made by the final decree on foreclosure, cannot be denied the right of redemption pending sale, by application in the suit itself; and, under section 30 of the Chancery act (*Rev. 1902*), providing for making a person a party to a suit, either before or after an interlocutory or final decree therein, this application to be made a party to the suit itself, if the right exists, can be made by a purchaser after decree.

2. The right of redemption on foreclosure, not being by the terms of the final decree cut off till sale, continues till that time.

3. The decree itself on foreclosure does not operate as a merger of the debt, or of the estate of the mortgagee, but it does fix finally, as between the parties and those claiming under them, the time and method of foreclosing the right of redemption; and, as this is made on the application of complainant, who will have the right to enforce it by execution, it would seem to follow necessarily from the nature of the decree that every defendant, or claimant under him, whose right of redemption is for complainant's benefit, made subject to foreclosure on the sale, must still have the right of redemption after decree.

4. Before any decree for sale taken by the first mortgagee, or at least before the filing of the bill to foreclose, a subsequent encumbrancer, in order to redeem against the first mortgagee's consent, must show special equities.

5. By electing to take decree against subsequent encumbrancers and to have a sale foreclosing their equities of redemption, the first mortgagee must, pending the sale, proceed subject to their right of redemption, as the decree in such a case, at least if complainant is proceeding

to sale under his execution, creates a special equity, which leaves defendants the absolute right of redemption pending the sale.

6. The manner of redemption pending sale on foreclosure, and the persons entitled thereto, are matters which should be settled by application in the suit itself, in order to control the execution; and, as equities as to the right of redemption may exist between different defendants, notice of the application, if necessary, should be given to the defendants who might be affected, as well as to complainant, and so a decree providing for a sale only, and not for redemption, must, if complainant so insists, be so controlled or modified on application for further directions in the suit or to control the execution, and cannot be affected by a mere payment to the sheriff.

7. The rights of a complainant, given by a decree on foreclosure, should not be varied, without his consent, unless by a subsequent order of court.

8. A second mortgagee will be entitled to redeem pending sale, on payment of the amount of a decree on foreclosure of a first mortgage, with interest and sheriff's costs, and also the amount paid by a purchaser of the decree for insurance on the premises since his purchase, which he is entitled to add to the decree, as the original mortgage covered such insurance which had expired; but, as against subsequent encumbrancers without notice, he could not add to the decree an amount previously deducted for payments made by the mortgagor, which inure, by operation of law, to the benefit of the subsequent encumbrancers.

9. The payment on redemption pending sale on foreclosure must be made to complainant, or his solicitor, within a time to be fixed.

10. On redemption by a second mortgagee pending sale on foreclosure of a first mortgage, he is entitled to the bond and first mortgage uncanceled, and his right to such redemption and delivery cannot be prejudiced by a supplemental bill to add to the decree, filed without notice to parties adversely affected.

11. Under strict practice, a supplemental bill to add to the terms of a decree cannot be filed without notice, at least to parties adversely affected.

On decree for sale in foreclosure and application to redeem. On bill and application for injunction.

*Mr. Frederick A. Lehlbach,* for the complainant Wiebke.

*Mr. King Stickle Oram* and *Mr. Henry C. Pitney,* for the defendant Neighbor and others.

EMERY, V. C.

The complainant Mrs. Atwood, holder of a first mortgage, obtained a final decree on foreclosure on November 23d, 1905,

directing a sale of the mortgaged premises for the payment of her debt, $12,765, with interest from November 21st, 1905. The mortgagors and owners, Mr. and Mrs. Carmer, were parties defendant as were also subsequent encumbrancers, including George W. Cole, the second mortgagee. No proof of the subsequent claims was made in the foreclosure suit, and the decree for sale directed payment only of the complainant's mortgage, the surplus, if any, to be brought into court. The final decree further directed "that the defendant stand absolutely debarred and foreclosed of and from all equity of redemption of, in and to the said mortgaged premises, when sold as aforesaid, by virtue of this decree." The original execution contained directions as to sale of the mortgaged premises to pay complainant's debt and pay the surplus into court. This was issued December 21st, 1905, returnable to February Term, 1906, but the premises were not sold under this execution, and by order of the court, made about two years later on complainant's *ex parte* application (March 2d, 1908), a new execution was issued for the payment of $12,420 as still unpaid on the decree, with interest from August 19th, 1907. After the issue of the new execution, James Howard Wells, the son-in-law of Mr. and Mrs. Carmer, to whom they had made a voluntary conveyance of the mortgaged premises on February 16th, 1906 (shortly after the decree and first execution), filed a bill on April 18th, 1908, against Mr. and Mrs. Atwood to set aside the order for new execution and stay sale under it, to which suit the complainant's solicitor, Mr. Hart, and the sheriff, were also parties. The sale was restrained *pendente lite* and by final decree made by consent in the Wells-Atwood suit, on December 23d, 1908, it was decreed that the decree and new execution in the Atwood-Carmer suit remain effective, but that the execution be amended in so far as to require the sheriff to make of the premises the amount directed in it, less $353.20, with interest from September 24th, 1908. The deduction is the amount found by the master's report in the case to have been paid by or on behalf of the mortgagor or owner of the equity, and not credited before the issue of the new execution. The restraint of sale under the new execution was also discharged, and the sheriff after

several adjournments, under the direction of Mrs. Atwood's solicitor, who declined to grant further delay, proposed to sell the property on February 10th, 1909. Under an arrangement made or claimed to have been made with Mr. Carmer, on behalf of his wife as the equitable owner, a Mr. Wiebke then bought the Atwood mortgage and decree, and on February 10th, 1909, the day fixed for the sale, Wiebke took an assignment of the bond, mortgage and decree. Mrs. Atwood refused to assign unless she received the full amount of the second execution, without credit for the deduction directed by the decree in the Wells-Atwood suit, and Wiebke, as part of the consideration for the assignment, and, as he claims, by agreement with Mr. Carmer, was to purchase the property at the sale for the full amount of the execution, without deduction, and if he purchased, hold the premises for six months, subject to an agreement to reconvey on repaying within that time the amount advanced, with other advances for insurance, taxes, &c. On taking the assignment the sale was adjourned until February 24th, 1909. In the meantime Mr. Carmer, who acted for Mrs. Carmer, and Wells, who held the title for Mrs. Carmer, applied to Mr. Neighbor and also to a Mr. Stickle for advances necessary to take up the Atwood mortgage, and as part of the plan for carrying out this arrangement, Wells made a voluntary conveyance of the property to a Mr. Matthews, acting on behalf of Mr. Stickle and Mr. Neighbor. The real equity of redemption in the premises apparently still remained in Mrs. Carmer at the time of the present application, but she has since died. Mr. Neighbor on February 24th, 1909, took an assignment of the mortgage from Cole, who was a party to the original Atwood-Carmer suit, a mortgagee, and Mr. Neighbor, who was not a party to that suit, also held later mortgages, one given to him by Mr. and Mrs. Carmer January 26th, 1906, after the decree in the suit, another by Wells on December 17th, 1907. On February 24th, 1909, at the sheriff's office, and before the sale was opened, Mr. Oram, a solicitor, who declared he was acting on behalf of Matthews as the owner of the equity of redemption, offered to pay to Mr. Wiebke, who was present with his solicitor, Mr. Greenberg, the amount due on the decree, and asked for an

assignment of the decree. They refused unless the $353.20 which had been paid to Mrs. Atwood was also paid. Mr. Oram then offered to pay the sheriff the amount due on the decree, but did not expressly offer the amount in satisfaction of the decree. The sheriff, by Mr. Greenberg's directions, refused to receive it, and the sale was adjourned to March 3d, 1909. Wiebke on March 2d filed his bill, claiming the benefit of the decree to secure his additional claims and to enjoin the sale under the execution and for an accounting as to what is due under the decree, including, among other things, insurance on the premises not included in the decree. The defendants to this bill are Mr. and Mrs. Carmer, Wells, Cole, Neighbor and the sheriff, but none of the parties to the original bill, except Mr. and Mrs. Carmer and Cole. On the application for preliminary injunction it appeared to me, from the answering affidavits filed, that as to the defendant Neighbor, a subsequent mortgagee, the substantial question was whether the arrangement with Carmer (claimed to be acting on behalf of the owner of the equity) as to the decree standing for more than the amount due after deducting the credit of $353.20, was valid or could be enforced to the detriment of his security and for the purpose of bringing about a final hearing on this question, with little delay and expense, I suggested that Neighbor, as subsequent mortgagee, file a petition in the original foreclosure suit for redemption of the Atwood mortgage on paying the amount due on the decree. Such petition was accordingly filed, and hearing on the same came on together with hearing on the application for injunction in the Wiebke-Matthews suit, the affidavits being used together, and the affiants cross-examined in open court on both sides so far as desired.

On the hearing it was conceded by counsel for Wiebke that, in view of the decisions of our courts, called to his attention since the filing of the bill, it could not be claimed that, as against subsequent encumbrancers, the amount claimed to have been agreed to be paid by Carmer in addition to the face of the decree could be added, but it is now claimed that as against the Carmer and Wells and Matthews voluntary grantees, the agreement, if proved on the final hearing, may be effective to charge their interest in

the premises subject to the previous encumbrances. The injunction *pendente lite* asked is against the sheriff receiving from any of the defendants any sum in settlement of the execution, and a temporary restraining order against the sheriff also to that effect was made. As to the defendant Neighbor, it is clear that if he has the right after the decree for sale which was made on the foreclosure to redeem or satisfy the mortgage by paying the amount, either by way of redemption or satisfaction, then the restraint against the sheriff should not embrace him, if the sheriff is the proper officer or person to whom payment should be made on redemption. The real question, so far as he is concerned, is whether after a decree such as was made in this case, a subsequent encumbrancer, becoming such after the decree, can, without becoming a party to the suit, and also without an order of the court, pay to the sheriff, against complainant's consent, the amount of the decree, and whether a tender of such payment, coupled either with a demand for an assignment or with a demand that the bond and mortgage be delivered uncanceled, is a valid tender, unless made by an order of the court in the cause after the decree and before sale, fixing the manner in which the right of redemption or satisfaction is to be exercised in case the parties do not agree.

In *Cassidy* v. *Bigelow* (*1874*), *25 N. J. Eq.* (*10 C. E. Gr.*) *112*, Chancellor Runyon held that a second mortgagee had an absolute right to redeem the first mortgage at any time after it was due, and to receive an assignment, but this absolute right was denied by the court of errors and appeals, and the right of the second mortgagee to redeem against the consent of the first mortgagee was declared to exist only in case of special equities, such as endangering his security, of which the first mortgagee must be advised, and the right to an assignment was denied. In this case the subsequent mortgagee, after decree for sale and before sale, filed a bill to redeem after a tender of amount due to the mortgagee himself on the decree demanding an assignment. The mortgagee refused to accept the tender and deliver an assignment, but offered to accept the amount due in satisfaction of the decree. The court below held that the tender was good and de-

creed redemption on paying the amount due without interest and with an assignment, basing its decree on a general and absolute right of the second mortgagee to redeem. The court of errors and appeals holding the tender accompanied by a demand of assignment not good, directed a redemption without assignment and on payment of principal, interest and costs, basing the right of redemption solely on the special equities of the case, and directed that on the payment the second mortgagee should be subrogated. In neither court was the question considered whether after a decree for sale providing that a defendant's equity of redemption should be foreclosed by sale, there was, pending the sale, any right of redemption by application in the foreclosure suit itself. In several cases I have had occasion to consider specially this status as to redemption pending sale, under a decree of this character, and I am not able to reach a conclusion denying such right to any defendant as to whom provisions for foreclosing his right of redemption are expressly made by the final decree. And under section 30 of the Chancery act (*Rev. 1902*), this application to be made a party in the suit itself, if the right exists, can be made by a purchaser after decree.

The above decree for sale to pay complainant's debt only, contained, it will be observed, a decree also foreclosing all rights of defendants "when sold as directed by the decree." This decree for sale, made under section 53 of the Chancery act, is in lieu of the decree of strict foreclosure. Such decree fixed a time beyond which the right of redemption ceased, and the fixing of such time was a necessary incident to making the equitable right to redeem available. Pending this time, the right of redemption existed, and the court, in a strict foreclosure suit, often enlarged it beyond the time fixed. *2 Dan. Ch. Pr.* (*6th Am. ed.*) \**999*. And the right of redemption not being by the terms of the final decree cut off until sale, it must, I think, continue to exist until that time.

In *Campbell* v. *Macomb* (*Chancellor Kent, 1820*), *4 Johns. Ch. 534*, this right of redemption, by paying off the decree, was given to the purchaser of the equity of redemption and for the reason (at *p. 536*) that the whole inducement to the sale is to

obtain satisfaction of the sum actually due. Under the English practice, the decree for sale in foreclosure contains the express provision that "after default in payment" the sale be made. *2 Dan. Ch. Pr. *1266.* In *Howard Savings Institution* v. *Essex Building and Loan Association* (1900), *23 N. J. L. J. 42*, I held that if the owner of the equity by purchase after decree, and with complainant's consent, paid the amount of the decree to the sheriff, in satisfaction of the decree, he was entitled to a delivery by the complainant of the mortgage canceled, or for the purpose of cancellation, and might enforce delivery by petition in the suit.

The decree itself does not operate as a merger of the debt or of the estate of the mortgagee (*Deshler* v. *Holmes* (*Court of Errors and Appeals, 1888*), *44 N. J. Eq.* (*17 Stew.*) *585*), but it does fix, finally, as between the parties and those claiming under them, the time and method of foreclosing the right of redemption, and as this is made on the application of the complainant, who will have the right to enforce it, by the issuing of the execution directed, it would seem to follow necessarily from the nature of the decree that every defendant or claimant under him, whose right of redemption is thus for complainant's benefit made subject to foreclosure upon the sale, under the decree, must still have the fundamental equitable right of redemption after decree.

Before any decree for sale taken by the first mortgagee, or at least before the filing of his bill to foreclose, the rule settled by the court of errors and appeals (*Bigelow* v. *Cassidy*), as generally applicable, would apply, viz., that against the first mortgagee's consent, the subsequent encumbrancer, in order to redeem, must show special equities. A first mortgagee who has not by his own judicial proceedings called upon the subsequent encumbrancer to pay his mortgage or directly affected or impaired the right of the subsequent encumbrancer to realize on his security, is in a position to claim the protection of this general rule against redemption, so long as he desires the security to remain. But by filing a bill, which in terms asks a decree or payment and foreclosure on default, followed by tak-

ing a decree for sale to pay his mortgage, and expressly fore-closing the equity of redemption of subsequent encumbrancers on such sale, he calls on the subsequent encumbrancers and the owner for payment. By his own act he has affected their se-curities, and any suit to enforce them would be subject to a sale under his execution at any time. It seems to me, therefore, that having elected to take decree of foreclosure against subsequent encumbrancers and to have a sale foreclosing their equities of re-demption, the first mortgagee, who is proceeding to a sale under his execution, must, pending the sale, proceed subject to the right of redemption. This right of redemption is the fundamental equitable right, the existence of which is the sole basis of the entire proceeding in equity, and it must exist, I think, until by express decree it is foreclosed. Such foreclosure is never decreed in equity without an opportunity for redemption, and the question, therefore, is whether a decree for sale to pay a prior encumbrance and foreclosing subsequent encumbrancers on sale, does not of itself, in the absence of express provision to the contrary in the decree, create a special equity, which leaves to the defendant thus to be foreclosed the absolute right of re-demption pending the sale. I think this is the effect to be given to the decree, at least if the complainant is proceeding to sale under his execution. The manner of this redemption pending sale, and the persons entitled to it, are matters which should be settled by application, in the suit itself, for the purpose of con-trolling the execution for sale. And as equities in reference to this right of redemption may exist between different defend-ants, notice of the application should perhaps regularly be given to the defendants who might be affected, as well as to the com-plainant. Regularly the control of the execution, so as to au-thorize the sheriff to execute or return the writ, otherwise than by the sale expressly directed, should be by order or decree of the court. In this respect a decree for sale in foreclosure differs from a judgment at law, which merges the original debt, and where the sheriff, without further direction, is entitled to re-ceive payment in satisfaction of a *fieri facias* without sale. *1 Arch. Pr. *269.*

In the present case Mr. Neighbor claims the right to make payment to the sheriff, as second mortgagee, and to have the delivery of the bond and mortgage uncanceled, leaving to him the benefit of the mortgage and decree, and the tender to complainant before suit, made on behalf of the owner, was accompanied by the demand of an assignment, and the offer to pay the sheriff the amount of the decree, made on behalf of this owner, was not made in satisfaction of the decree and mortgage. These questions, as well as the rights to redeem, as between defendants, must be settled by the court, and upon notice, if necessary, by an application in the suit to control the execution for this purpose. And in the absence of any express provision in the decree itself as to redemption after decree, the express direction for sale only, to pay the debt, must, if complainant so insists, be so controlled or modified upon application for further directions in the suit or to control the execution, and cannot be affected by a mere payment to the sheriff, nor should his rights given by the decree be varied, without his consent, unless by a subsequent order of the court.

The defendant Neighbor, as second mortgagee, will be entitled to redeem upon payment to complainant of the amount of the decree, with interest and sheriff's costs, and also the amount actually paid by Wiebke for insurance on the premises since purchasing the decree. As the original mortgage covered such insurance, which had expired, the purchaser had the right to protect his interest by insurance after the decree, and by supplemental bill or otherwise, if necessary, to have this amount added to the decree. Wiebke is not, however, entitled, as against subsequent encumbrancers without notice, to add to the decree the amount previously deducted, as being payments made by the owner. By operation of law, such payments enure to the benefit of the subsequent encumbrancer. *Traphagen* v. *Lyons (Court of Errors and Appeals, 1884), 38 N. J. Eq. (11 Stew.) 613,* and cases cited at *p. 615,* &c. This payment of the amount due on the decree with interest and insurance, together with the sheriff's costs, for which complainant is liable, must be made to the complainant or his solicitor, within a time to be fixed, and

on such payments the encumbrancer redeeming (Mr. Neighbor) is entitled to a delivery of the bond and mortgage uncanceled. His right to such redemption and delivery cannot be prejudiced by a supplemental bill based on the right to add to the decree. Under strict practice, a supplemental bill to add to the terms of the decree cannot be filed without notice at least to parties adversely affected (*2 Dan. Ch. Pr. *1523, &c.*), and on such application, had it been made, the right of Neighbor to redeem would have been protected. As to Neighbor, therefore, upon his paying the amount due on the decree, the bill filed by Wiebke to have the amount of the decree increased will be dismissed as against him, but without prejudice to filing a bill against him to redeem his mortgages, as well as the amount paid complainant, in case Wiebke on his suit obtains a final decree establishing his additional claim as a lien on the lands. On settling the order, I will hear counsel as to any further directions.

Costs will not be allowed to either party—not to the complainant Wiebke, because the substantial and only dispute between himself and Mr. Neighbor at the time of the disputed tender was the right to add the additional amount to the decree, which dispute has been decided against complainant on the basis of decisions previously made and covering the point involved; nor will costs be allowed to the defendants applying to redeem, because an assignment was demanded or requested at the time of tender, and because the offer to pay the sheriff was not an offer of payment in satisfaction of the decree, and the present application is for a payment, with claim for a delivery of the bond and mortgage uncanceled. Such payment complainant, after his decree for sale, was not bound to consent to, nor was the sheriff authorized to accept it, unless ordered by the court.