Complainant's bill sought foreclosure of mortgage on lands of defendant Bishop, in Burlington county. Junior lienholders were made defendants, including certain judgment creditors.
On May 25th, 1925, about two months after the filing of the bill, petitioner, J.S. Collins Son, recovered judgment against defendant Bishop in the supreme court, on which it caused execution to be issued and levy made on the mortgaged premises, about June 1st. It was ignorant of the pending foreclosure suit until advised by the sheriff, about July 17th, that the latter had received fi. fa. therein; thereupon it immediately applied to be made a party defendant (which was done) and for a stay of sale (which was denied). It then obtained an order to show cause on the defendants (other than the second mortgagee) why the final decree and fi. fa. should not be amended so as to direct the sheriff to pay into court all moneys derived from the sale over and above the amounts necessary to satisfy complainant and the second mortgagee, and the sheriff's costs.
The final decree (and the fi. fa.) following the master's report provided for the payment of the claims of the several lienholder defendants, except, of course, that of petitioner, in a specified order of priority.
Petitioner contends that, by virtue of the execution and levy under its judgment, it has a claim upon the surplus moneys prior to the claims of defendants, whose judgments were recovered earlier, but on which no levy was made.
That the mortgagor's estate in the lands — the equity of redemption — may be conveyed by him or subjected to the lien of judgments against him, prior to the commencement of the foreclosure suit, is, of course, conceded. It is not clear how or why this situation is, or should be, affected by the filing of the foreclosure bill or by the subsequent proceedings in the foreclosure suit until the actual sale, or, at any rate, until the final decree, except that, of course, a change in the mortgagor's title occurring subsequent to the filing of the bill and not altering the mortgagee's interest *Page 510 
should not be, and is not, permitted to affect the mortgagee in the prosecution of his suit.
A person who acquires an interest in the equity of redemption pending the foreclosure need not be brought in as a defendant by the complainant-mortgagee, but, on the other hand, he is entitled to be admitted as a party on his own application, and to have a hearing and determination as to his claim or interest in the surplus after satisfaction of complainant. Chancery act, sections 29, 30. An examination of the files of foreclosure suits in this court would inevitably disclose innumerable instances where grantees of the equity of redemption under conveyances madependente lite have been admitted in this way, and also, I doubt not, many like instances as to persons acquiring judgmentspendente lite against the owners of the equity of redemption. Assuredly no difference in principle is apparent as between such a grantee and such a judgment creditor.
"The mortgagor, and others claiming under him, are considered, both in law and equity, as seized and absolute owners of the premises against all others except the mortgagee and those claiming under him * * *." Thompson v. Boyd, 21 N.J. Law 58,62; Wade v. Miller, 32 N.J. Law 296, 303.
This ownership or estate of the mortgagor clearly remains in him (except as affected by conveyances or encumbrances made by him or liens obtained against him) until actual sale under the foreclosure decree. The right of redemption is not cut off until the actual sale, either as to the mortgagor or as to a grantee from the mortgagor, even after final decree. Atwood v. Carmer,75 N.J. Eq. 319. And the mortgagor's estate (outside of the mortgagee's interest) must needs be subject to modification or transfer as well by operation of law as by his voluntary act pending the suit and prior to sale.
The only additional question involved in the present issue is whether a change in the priorities of the several parties interested in the equity of redemption can be affected pending the foreclosure suit. No logical reason to the contrary appears or has been suggested. If, pending the suit, the mortgagor may convey his estate subject to the mortgagee's *Page 511 
interest, so also it may be sold and conveyed away from him under judgment at law and execution sale; and so also may lienholders subsequent to complainant-mortgagee effectuate changes in their respective priorities as between or among themselves, or have such changes effected by operation of law, so long as complainant be not prejudiced.
Suppose several judgments were recovered against the owner of mortgaged premises immediately prior to the filing of foreclosure bill and a subsequent adjudication in bankruptcy against the owner. Under the long-established practice the trustee in bankruptcy is made a party defendant. Dick. Ch. Prec. 343,note. If the judgments were subject to avoidance under the Bankruptcy act, can it be doubted but that a final decree would be opened in so far as it established the lien and priorities of such judgment, so that the trustee in bankruptcy might have the opportunity to have the judgments avoided and procure the surplus moneys for the bankrupt estate?
The instant case seems no different in principle. The petitioner recovered its judgment in the supreme court against the owner of the mortgaged premises after the filing of the bill but before sale or even final decree. It thereby acquired a lien upon the mortgaged premises, which in nowise affected complainant's rights, or the rights of the second mortgagee, but which affected the rights of the defendant owner at least. Petitioner not being a party to the suit, its rights as against the other defendants were not established by the final decree, and it has not had its day in court. It claims rights in the surplus moneys over and above the amount necessary to satisfy the complainant and the second mortgagee, superior, not only to the defendant owner, but the other defendants as well. Its petition alleges that it caused levy to be made on the mortgaged premises, and that it thus acquired priority over the liens of the defendant judgment creditors upon whose judgments execution had not then been issued and levy made.
The legal premise to this conclusion seems to rest upon the well-established law of this state. Sales of Land Act, *Page 512 
§ 9; Clement v. Kaighn, 15 N.J. Eq. 47; Lippincott v. Smith,69 N.J. Eq. 787. That the concurrences took place after the bill was filed (but before final decree) seems insufficient to negative or modify the operation of the rule. The petitioner is entitled to have these issues heard and determined.
The final decree will be opened and amended (and likewise thefi. fa.) so as to direct the sheriff to pay into court the surplus moneys over and above the amount necessary to satisfy complainant and the second mortgagee and the costs of sale. The order confirming the master's report will be set aside except as to the complainant and second mortgagee, and it will be referred back to the master to ascertain and determine the amounts due the several other defendants, including the petitioner and their respective priorities. (It appears that the master, in determining the priorities of the other defendants, failed to consider the dates of levy on executions.)
It is argued that petitioner is barred by laches or estoppel. Not so. The moving papers show that as soon as it learned of the foreclosure suit it applied to be made a party and to stay the sale, and, being unsuccessful in the latter, gave notice, both at the sale and by letter to each defendant weeks before the sale, of its claims of priority.