The Fidelity Union Trust Company, as trustee, the complainant herein, is the trustee for the holders of bonds issued by Union Cemetery Association on May 2d 1910, and for the holders of certificates of indebtedness issued by Union Cemetery Association, pursuant to the provisions of an amended final decree entered in this cause. *Page 256 
Originally the bill of complaint was one to foreclose a mortgage given by Union Cemetery Association to secure the payment of the moneys evidenced by bonds of said Association, default having occurred in the payment of said bonds. On July 3d 1929, a final decree was entered in this cause in conformity with the opinions of Vice-Chancellor Backes reported in 102 N.J. Eq. 100,
and 104 N.J. Eq. 326, sub nom. Fidelity Union Trust Co.
v. Union Cemetery Association. Said final decree adjudged that there was due and owing from the defendant, Union Cemetery Association, to Fidelity Union Trust Company, as trustee, the principal sum of $505,000, for which said complainant had and now has a lien on one-half of the gross proceeds of the sales of the cemetery lots and plots constituting the lands and premises covered by complainant's mortgage; said decree further provided that a portion of the aforesaid $505,000 was payable with interest, and that execution shall not issue for the portion of the $505,000 payable with interest. That decree also provided:
"10. That leave is reserved to the complainant, Fidelity Union Trust Company, as Trustee, to apply under this decree for such further order or relief in the premises as may be deemed proper or become necessary or advisable to enforce performance of this decree."
An amended final decree was entered August 3d 1929, adjudging $536,142.57 principal due with legal interest thereon from April 30th, 1929, for which complainant has a lien on the lands and premises in complainant's bill described, payable out of the gross proceeds of the sale of lots constituting said lands, and that said moneys are a lien upon said proceeds as provided by the Rural Cemetery Act as to vendors for security of the purchase money of lands.
The amended final decree also provided:
"11. That leave is reserved to the parties to apply under this decree for such further directions in the premises as may be deemed proper or become necessary or advisable to enforce the performance of this decree."
Union Cemetery Association on June 1st, 1938, entered into an agreement with Hollywood Memorial Park, Inc., a *Page 257 
corporation of the State of New Jersey, by the terms of which Union Cemetery Association agreed to sell to Hollywood Memorial Park, Inc., its unembellished lands lying on the west side of Stuyvesant Avenue, in the Township of Union. The lands thus sold were a part of the premises described in complainant's mortgage aforesaid, and subject to the aforesaid decrees. Said contract expressly refers to the aforesaid decrees.
Fidelity Union Trust Company, as Trustee, pursuant to the leave and authority granted by the aforesaid decrees, on June 22d 1943, presented its petition in this cause seeking the advice and instructions of the court. An order to show cause was issued directing Union Cemetery Association and Hollywood Memorial Park, Inc., to show cause why the relief prayed in said petition should not be granted.
On the return of that order, Hollywood Memorial Park, Inc., filed a petition for leave to enter a special appearance, which was granted, and on September 7th, 1943, the motion made by Hollywood Memorial Park, Inc., to quash the service of the petition and order to show cause upon it was denied. Appeal was taken from the order denying that motion, for which reason this opinion is now filed.
The grounds alleged in the notice and upon which Hollywood Memorial Park, Inc., relies for leave to enter special appearance and to set aside the service of complainant's petition and order to show cause granted thereon and to dismiss complainant's petition are (1) that the court is without jurisdiction over the petitioner, Hollywood Memorial Park, Inc., and cannot acquire jurisdiction over it in a summary way, and (2) that the court could not acquire jurisdiction over the petitioner (who is not a party to the suit) by service of complainant's aforesaid petition and said order to show cause by mail.
 I.
The lands involved in this suit were dedicated to cemetery purposes. No execution could issue against them for the moneys due on the decrees. Rural Cemetery Act, Comp. Stat. *Page 258 p. 375 ¶ 8 (R.S. 8:2-27), and those decrees expressly provided that execution should not issue. Those decrees were not self-executing. The court retained jurisdiction of the suit, and the res was retained in custodia legis, so the parties thereto might have the aid and protection of the court should the occasion arise.
Under the circumstances of this case the court had power to retain jurisdiction of the cause.
"* * * Although the general rule of the court is to make a complete decree upon all the points connected with the case, it frequently happens that the parties are so circumstanced that a decision upon all the points connected with their interests cannot be pronounced till a future period. All that the court usually does, under such circumstances, is to order the interest of the fund to be paid to the person entitled to the dividends during his life, and to declare that, upon his death, the parties interested in the fund are to be at liberty to apply to the court as they may be advised. The same sort of liberty is also given in any other case in which it may seem requisite; and the effect of it is not to alter the final nature of the decree. A decree, with such a liberty reserved, is still a final decree, and, when signed and enrolled, may be pleaded in bar to another suit for the same matter. The effect of the reservation is to permit persons having an interest under it to apply to the court touching such interest, in a summary way, without the necessity of again setting the cause down. Applications, under such a reservation in a decree as that last mentioned, may be made either by motion or petition, or, in many cases, by summons in chambers; except that, in cases where the object is to have money paid out of court the application should be by petition or summons." (Italics mine.) 2 Daniell on Chancery Pleading andPractice 990 (at p. 996).
"The power to enforce its decree is a necessary incident to the jurisdiction of the court. Except where the decree is self-executing, jurisdiction of the cause continues for this purpose, or leave may be expressly reserved to reinstate the cause for the purpose of enforcing the decree, or to make such further orders as may be necessary, or to apply at the foot of the decree for further orders. A decree may be so far final as to be appealable, and yet the court may make other orders or decrees to carry it into effect." 21 Corp. Jur. 692 § 865 F.
And again, in the same volume (at p. 693 ¶ 866), it is stated:
"* * * Except in so far as its powers may be circumscribed by established equity practice or statute, the method of enforcing its decrees rests largely in the discretion of the court; * * *." *Page 259 
With knowledge of the decrees, as appears from recitals in the agreement, Hollywood Memorial Park, Inc., purchased a portion of the lands affected thereby. I am of opinion that it is now in the same position as that of a purchaser at a sheriff's sale under a mortgage foreclosure, or a purchaser from the mortgagor after final decree in foreclosure has been entered, or one who withholds property from a receiver in defiance of the court's order. It dealt with property in custodia legis, and in so doing made itself amenable to the summary process of the court which had jurisdiction of the res.
 Chamberlain v. Larned, 32 N.J. Eq. 295, involved a summary order of this court in which the sheriff was directed to withhold a deed from a purchaser at a sheriff's sale. "It is true," said Chief-Justice Beasley, "that a purchaser at a sheriff's sale acquires a vested right, which is, like all other legal rights, indefeasible except by the operation of legal methods; but then one of such methods is the judgment of the court under whose order such sale has occurred, in the exercise of its supervision over the execution of its own process. Such power of supervision is one of the essential prerogatives of a court, and it is a mistake to suppose that it can be exercised only when it has been appealed to in a formal manner by a party alleging himself to have been injured. * * *"
Chancellor Runyon in Silver v. Campbell, 25 N.J. Eq. 465,
summarily ordered a purchaser at a foreclosure sale to perform his contract of purchase. The matter came on for hearing before him on petition and order to show cause.
In McCarter, Receiver, v. Finch, 55 N.J. Eq. 245, the receiver contracted with respondents to sell them the assets of an insolvent company, the sale to be approved by the court. The respondents failed to comply with the contract, and upon the receiver's petition an order to show cause was issued why the respondents should not be ordered to pay the purchase money. Objection to the jurisdiction of the court was made and Vice-Chancellor Pitney concluded that the receiver's action need not be instituted by bill and subpoena, and that the court had jurisdiction over respondents by service of the order to show cause. *Page 260 
So too in New Jersey National Bank and Trust Co. v.Berkshire, 9 N.J. Mis. R. 933. This was a foreclosure in which after final decree Acme Properties Corporation, the alter ego
of one Harris, took a conveyance of the mortgaged premises from the mortgagor, took possession and collected the rents. The mortgage contained an assignment of rents. The matter came before the court on petition and order to show cause why Harris should not be held in contempt, Harris having prior to the institution of the contempt action been ordered to pay the rents so collected to the purchaser. It was urged that the relief sought could not be had in a summary proceeding. The court held it was not a summary proceeding but a step in the cause pursuant to a decree subject to which the respondent acquired the property and which was binding upon him. Vice-Chancellor Berry said: "* * * A purchaser at a sheriff's sale, when not a party to the original suit, is held to be made a party by the purchase so far as to be subject to the jurisdiction of the courts on questions arising from the sale. * * * The same principle should apply where one with knowledge of the foreclosure proceedings purchases the mortgaged premises pendente lite, or after decree and before execution issued. In either case he steps into the shoes of the defendant mortgagor so far as the property is concerned and has no superior rights. He could, of course, properly be joined as a party defendant in the cause either on his own or the complainant's application; or, indeed, on the court's own motion.Chancery Rule 12. See, also, Riverside Building and LoanAssociation v. Bishop, 98 N.J. Eq. 508; Weinberger v.Goldstein, 99 N.J. Eq. 1; affirmed, 101 N.J. Eq. 310. * * *"
That the court has power to enforce its orders or decrees in a summary manner against one, not a party to the suit, where the court has jurisdiction over the res is recognized in Grobholz
v. Merdel Mortgage Investment Co., 115 N.J. Eq. 411.
 II.
The order to show cause provided for service "* * * on each of the aforesaid parties within seven days from the date *Page 261 
hereof, by mailing true copies of this order to show cause and said petition (exclusive of the schedules attached thereto and incorporated therein by reference thereto) upon which the same is based (which copies need not be certified) to them at their respective post office addresses, with postage prepaid thereon, or by personal service thereof * * *."
An order to show cause is but a notice of the pendency of a summary proceeding and may properly be directed to be served by mail, and when so served (which service is not here denied), is binding upon the party to whom the notice is addressed. And when the order specifically directs service either by mail or personally, as here, the complainant could avail itself of one or the other of these methods. Where the order directs how service shall be made, it must be made in the manner directed. Newark,c., Inc., v. Theatrical Managers, c., Union, 125 N.J. Eq. 575.
The hearing in this matter consuming four days has now been concluded. Hollywood Memorial Park, Inc., was, after appeal, upon its application, permitted by order of the court to participate in the hearings without prejudice and availed itself of this permission and was present and participated in the hearings.