**In re Christine M. MORRIS, Debtor.**

**Bankruptcy No. 86–05362.**

United States Bankruptcy Court,
D. New Jersey.

April 13, 1987.

Millman & Millman by Donald J. Millman, Newark, N.J., for debtor.

John J. Scura, Wayne, N.J., Standing Chapter 13 Trustee.

Edward Casel, Willingboro, N.J., for Mortgagee, National State Bank.

---

## OPINION

**VINCENT J. COMMISA, Chief Judge.**

The matter presently considered by the Court is an objection to the confirmation of the debtor, Christine M. Morris', Chapter 13 plan. The objection was filed on October 22, 1986 on behalf of National State Bank [hereinafter the Mortgagee] by Edward Casel, Esq., attorney for the Mortgagee. This Opinion, based upon the record before the Court shall constitute this Court's Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052.

On February 10, 1970, the debtor executed a mortgage on her residence located at 152 Shepard Avenue, Newark, New Jersey in the principal amount of $24,000.00 National State Bank was the mortgagee with respect to the foregoing obligation. The subject mortgage was duly recorded on February 11, 1970 in the Office of the Register of Deeds of Essex County at Book 4408 of Mortgages, page 1083.

Up until November 1, 1981 the debtor made regular mortgage payments to the mortgagee. Thereafter, however, the debtor defaulted and fell into substantial arrears. On July 21, 1982 the mortgagee filed a Complaint for Foreclosure in the Superior Court of New Jersey. Prior to the rendering of a Final Judgment for Foreclosure, the debtor, on September 9, 1982, filed a Chapter 13 Petition with the Bankruptcy Court identified as Case No. 82–06200. Pursuant to the relief accorded the debtor, Ms. Morris cured the defaults in the mortgage and retained possession of her residence.

On December 1, 1983 the debtor again defaulted in her payment obligation to National State Bank and thereafter, on August 22, 1984, the debtor's first Chapter 13 petition was dismissed by Order of this Court. In light of the fact that the debtor remained in arrears on her mortgage obligation, National State Bank pursued its Complaint for Foreclosure to Final Judgment which was obtained on June 3, 1986. That Final Judgment decreed that National State Bank was entitled to $28,157.72. On September 2, 1986 the debtor filed her present Chapter 13 petition and plan wherein she attempts to revive, deaccelerate and cure all defaults in the subject mortgage pursuant to § 1322 of the United States Bankruptcy Code (the Code). National State Bank objects to the debtor's plan aforesaid and contends that because New Jersey utilizes the common law doctrine of merger, § 1322 of the Code is inapplicable and without consequence to the case at bar. As a result, the debtor may not revive, deaccelerate and cure the foreclosed mortgage.

■ Absent a specific directive from Congress, the determination of property rights must be arrived at in accordance with applicable State law. Indeed, the Supreme Court of the United States opined in the case of *Butner v. United States* that:

Property rights are created and defined by state law. Unless some Federal interest requires a different result, there is no reason why such interest should be analyzed differently simply because an interested party is involved in bankruptcy ...

*Id.,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). Accordingly, this Court will apply New Jersey law in its determination of whether or not the debtor retained any right in the foreclosed mortgage after Judgment was rendered.

■ At judgment, a mortgagee gains a right to the judgment sum plus interest in exchange for his old right to receive periodic payments on the underlying debt. Although there are some early decisions to the contrary,[1] New Jersey case law has long held that the effect of a final judgment in foreclosure is to cause the mortgage to merge into the judgment thereby extinguishing the old terms of installment payments for a present right to have the obligation satisfied in full. *Hudson Trust Co. v. Boyd,* 80 N.J.Eq. 267, 84 A. 715 (Ch.1912); *Heritage v. Bethel,* 96 N.J.Eq.

---

1. The foreclosure decree does not have the effect of merging the indebtedness on the mortgage bond. *Deshler v. Holmes,* 44 N.J.Eq. 581, 18 A. 75 (E. & A. 1888); *Atwood v. Carmer,* 75 N.J.Eq. 319, 73 A. 114 (Ch.1909).

515, 125 A. 917 (Ch.1924), *Aff'd.* 97 N.J.Eq. 366, 127 A. 924 (E. & A. 1925); *Colonial Bldg.-Loan Ass'n v. Mongiello Bros., Inc.,* 120 N.J.Eq. 270, 184 A. 635 (Ch.1936). Consequently, once the mortgage has been foreclosed merger automatically occurs.[2]

Considering the foregoing, the Court now turns its attention to determine the rights of the debtor under the provisions of the Bankruptcy Code. The debtor asserts that section 1322(b)(5) allows her to revive, deaccelerate and cure the defaults in the foreclosed mortgage. As will be demonstrated below, this is not the case. Section 1322 of the Code states in pertinent part that:

> (b) Subject to subsections (a) and (c) of this section, the plan may—
>
> (2) modify the rights of holders of secured claims, *other than* a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;
>
> (5) notwithstanding paragraph (2) of this subjection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or *secured claim on which the last payment is due after the date on which the final payment under the plan is due.* (Emphasis Added.)

11 U.S.C. § 1322. Section 1322(b)(5) by its own language, does not apply to the case at bar. As analysis has revealed, once a judgment of foreclosure is rendered in New Jersey, the subject mortgage is merged into the judgment. As a direct result, the mortgagor has no default to cure because there is no longer any mortgage in existence. Additionally, at the time of foreclosure judgment, the mortgagee becomes entitled to payment in full of the judgment

amount plus interest. Therefore, the claim which the debtor attempts to satisfy is not one where "the last payment is due after the date on which the final payment under the plan is due" as required by § 1322(b)(5). Hence, § 1322(b)(5) is inapplicable to the case *sub judice.*

 Based upon the foregoing Findings of Fact and Conclusions of Law, this Court may not confirm the debtor's Chapter 13 plan as it erroneously provides for the revival, deacceleration and cure of a foreclosed mortgage, which result, if allowed, would be contrary to New Jersey law.

Submit the appropriate Order consistent with this Opinion within ten (10) days from the date hereof.

---

2. New Jersey statutes provide for not less than five (5) instances where the mortgage will not merge with a judgment. *See: N.J.S.A.* 2A:50–41; 2A:50–44; 2A:50–47; 2A:50–50 and 2A:50–51. It should be noted, however, that because these statutes contravene the common law rule of merger and/or property transfer finality or vesting, they must be strictly construed so as to avoid any change not clearly intended. *Jones v. Sportelli,* 166 N.J.Super. 383, 399 A.2d 1047 (Law Div.1979). This Court therefore observes that these exceptions are simply that—exceptions to the general rule of merger.