No. 28,939.

THE HOME STATE BANK, *Plaintiff*, v.· GEORGE A. FRANK et al., *Defendants*; FORREST B. ANDERSON, *Appellant*; J. H. BRADY, *Appellee*.

No. 29,009.

RICHARD MASON et al., *Plaintiffs*, v. GEORGIA JACOBS et al., *Defendants*; FORREST B. ANDERSON, *Appellant*; J. H. BRADY, *Appellee*.

(282 Pac. 712.)

Opinion filed December 7, 1929.

*Forrest B. Anderson*, of Kansas City, *pro se*.

*T. F. Railsback* and *J. H. Brady*, both of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The two above-entitled actions were, on application, consolidated and heard together on this appeal. One action brought by the Home State Bank against the defendants was a mortgage foreclosure proceeding in which two mortgages on property purchased from the mortgagors by Forrest B. Anderson, with an assumption of the mortgage debt, were foreclosed and the priority of liens adjudged. The times for redemption from sales under the

decree were fixed. J. H. Brady was made defendant in the action on the ground that he claimed an interest in the mortgaged property. His interest arose out of proceedings in another action, spoken of as the Jacobs case, in which a judgment against Forrest B. Anderson was rendered for $529.50, together with the costs assessed, and this judgment became a junior lien against the real estate involved in the foreclosure proceeding. An appeal from that judgment was later dismissed and the judgment became an affirmed finality. Upon that judgment and under an execution the real estate was sold to J. H. Brady for $1,060 on February 1, 1927. A certificate of purchase was issued to-him in which it was recited that Anderson had been given eighteen months to redeem from the sale, but no redemption was had within the period and accordingly a deed to the property was duly executed and delivered to Brady on September 26, 1928. Anderson being in possession of the property, a writ of assistance was applied for and granted January 23, 1929. A motion to vacate the writ was overruled and this ruling is assigned as error, as well as one refusing Anderson's motion to have the case transferred to another division of the district court.

In the foreclosure action Anderson contends that there was error in the ruling of the court to the effect that J. H. Brady, who had purchased the property at the execution sale, based upon the judgment in the Jacobs case, was entitled after the period of redemption had expired, to be recognized and treated as owner in the foreclosure proceeding with the right of redemption derived from the sale and conveyance. Brady, as we have seen, was made a party in that proceeding, and his interest in the property or junior lien thereon was presumably shown. It is recited that the court, on the evidence offered and arguments produced, made findings of fact and rendered judgment, and among other things determined that Brady had a lien subordinate to the mortgage liens, and with the right to redeem as owner. No abstract of the evidence has been presented nor transcript of the evidence and proceedings in the trial court procured, and hence we have nothing before us for consideration except the pleadings, findings and judgment. In *Davidson v. Timmons*, 88 Kan. 553, 129 Pac. 133, it was determined that:

"In the absence of a transcript this court cannot settle conflicting claims as to the proceedings in the trial court nor determine whether rulings referred to in the findings of that court on such proceedings may not have been controlled by evidence, admissions or waivers not preserved in the record." (p. 557.)

Civ. Code, § 574, R. S. 60-3311; *Baker v. Readicker*, 84 Kan. 489, 115 Pac. 112; *Typewriter Co. v. Anderson*, 85 Kan. 867, 118 Pac. 879.

Brady had set up his right derived from the sale and the certificate of purchase claiming the right to redeem in the foreclosure proceeding when the eighteen-months period of redemption in the action under which he made the purchase would expire. About four months after the rendition of the foreclosure decree Brady would be entitled to a sheriff's deed, and if Anderson did not redeem Brady would succeed to all of Anderson's rights of redemption for the remaining period of the redemption in the foreclosure action. Anderson claims that the four-months period remaining to him for redemption in the other case was extended to a full period of redemption in the foreclosure case, and that Brady, who became the purchaser at an execution sale in the other case, had no right to redeem and must lose what he had invested in the sheriff's sale.

It was held in *Porter v. Watson*, 69 Kan. 349, 76 Pac. 841, in effect that where one has purchased real estate at an execution sale, subject to prior liens, and obtained a sheriff's deed, he may redeem as owner from a subsequent sale under such prior judgment (see, also, *Andrews v. Alcorn*, 13 Kan. 351; *Clark v. Tandy*, 101 Kan. 328, 167 Pac. 1039), so it is rightly contended that the right of Anderson, the original owner, passed absolutely to Brady by his sheriff's deed prior to any sale of the property under the foreclosure decree, and that Brady is entitled to redeem as owner and not merely as a judgment creditor. Under R. S. 60-3465 the sheriff's deed is sufficient evidence of the legality of the sale until the contrary be proved, and vests in the purchaser as good an estate as the former owner could convey by deed. Brady therefore has all the estate which Anderson had and all his rights as to redemption in the property.

There is nothing substantial in the complaint that the court denied a transfer of certain motions to another division for hearing. The matter was determined by the district court of Wyandotte county and was taken up by one of the judges of the court to whom decisions of law questions had been assigned. The appellant had no right to select the particular judge before whom the motion should be heard. A number of other questions are argued by the appellant, but we find nothing material enough in them to require detailed consideration.

The judgment is affirmed.