No. 30,445.

THE UNION CENTRAL LIFE INSURANCE COMPANY, *Appellee*, v. BENJAMIN F. RESER and ELIZA RESER, *Appellants* (THE SILVER LAKE STATE BANK, and CHARLES W. JOHNSON, Receiver of the Rossville State Bank, *Appellees*).

(8 P. 2d 366.)

Opinion filed March 5, 1932.

*J. J. Schenck, B. J. Lempenau* and *C. P. Schenck,* all of Topeka, for the appellants.

*M. A. Bender,* of Holton, *John M. Williams* and *Randal C. Harvey,* both of Topeka, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is an action to foreclose a mortgage on real estate. Judgment was for plaintiff. Defendants appeal from some provisions of the journal entry with reference to the right of redemption.

There is no dispute as to the facts. Appellants mortgaged the real estate in question to the Union Central Life Insurance Company. Later they executed a second mortgage to the Silver Lake State Bank and the Delia State Bank. The lien of this mortgage was junior to the mortgage to the insurance company.

Subsequently default was made in the second mortgage. Suit was brought to foreclose it. Judgment was had foreclosing this mortgage and fixing the period of redemption. This judgment has become final. The real estate was sold by the sheriff. It was bid in by the plaintiffs in that suit, that is, the two banks. A certificate of purchase was issued to them. The journal entry provided that this sale should become absolute on April 13, 1932. This case will be referred to for convenience herein as No. 44,560. The insurance company was not a party to that suit.

At the time that suit was brought the first mortgage was not in default. As soon, however, as the second mortgage was foreclosed appellants here failed to pay the interest on the first mortgage as it became due and it became in default. This suit was then filed by the insurance company to foreclose the first mortgage. The banks were made parties defendant in this case. They came in and set up their mortgage and the proceedings to foreclose it in case No. 44,560. The first mortgage was foreclosed and the real estate sold. It was bid in by the insurance company, the plaintiff in the action. The period of redemption was fixed at eighteen months. The journal entry provided further that the right to redeem would be exclusively in appellants till April 13, 1932, at which time the holders of the certificate of purchase in case No. 44,560 would have the right to redeem provided appellants in this case had not redeemed in that case. It provided further that if appellants redeemed from the sale in this case and did not redeem from the sale in case No. 44,560, then, after April 13, 1932, the holders of the certificate of purchase in that case should retain the right to a sheriff's deed and possession of the real estate in question after April 13, 1932, in accordance with the judgment in that case. This judgment amounts to a hold-

ing that appellants could not redeem from the sale under the senior mortgage by paying the amount of the judgment and costs in that case only, but they must also pay the amount of the judgment and costs in the case where the junior mortgage was foreclosed. From this part of the judgment in the case at bar this appeal is taken.

Appellants urge that in this case they should be allowed to redeem the real estate from the sale under the foreclosure of the senior lien by paying only the amount of the sale under that judgment, provided they do this before April 13, 1932, and by doing so take the land free of the lien or claims of those purchasing at the sale on foreclosure of the second mortgage, even though all parties admit that the certificate of purchase in the case foreclosing the junior lien will ripen into a sheriff's deed April 13, 1932, provided there is no redemption in that case. They base this argument on the construction which they urge should be given under four statutes.

R. S. 60-3439 is as follows:

"The defendant owner may redeem any real property sold under execution, special execution or order of sale at the amount sold for, together with interest, costs and taxes, as provided for in this act, at any time within eighteen months from the day of sale as herein provided, and shall, in the meantime, be entitled to the possession of the property."

R. S. 60-3440 provides:

"For the first twelve months after such sale, the right of the defendant owner to redeem is exclusive; but if no redemption is made by the defendant owner at the end of that time, any creditor of the defendant and owner whose demand is a lien upon such real estate may redeem the same at any time within fifteen months from the date of sale."

R. S. 1931 Supp. 60-3443 reads as follows:

"During the period allowed for the redemption of real property from sale under execution, special execution or order of sale, the holder of the certificate of purchase may pay the taxes on the lands sold, insurance premiums on the buildings thereon, and interest or sums due, upon any prior lien or encumbrance thereon; and upon the redemption of the premises from such sale the holder of the certificate shall be entitled to repayment of all sums thus paid by him, together with interest thereon."

R. S. 60-3460 is as follows:

"Real estate once sold upon order of sale, special execution or general execution shall not again be liable for sale for any balance due upon the judgment or decree under which the same is sold, or any judgment or lien inferior thereto, and under which the holder of such lien had a right to redeem within the fifteen months hereinbefore provided for."

They argue with reference to R. S. 60-3440 that since that statute provides that for the first twelve months of the period of redemption, the right of the defendant owner to redeem shall be exclusive, and since the land was sold on April 27, 1931, then no one but them should have the right to redeem before that time. It will be noted that the journal entry provided that after April 13, 1932, unless appellants in this case had redeemed from the sale in case No. 44,560, the right of redemption in this case passed to the holders of the certificate of purchase in that case.

Appellants further argue that since R. S. 60-3460 provides that land once sold upon order of sale shall not again be liable for sale for any balance due upon the judgment or decree under which it is sold or any judgment or lien inferior to it under which the holder of such lien had a right to redeem within the fifteen months, and since the lien and judgment in case No. 44,560 is inferior to the lien and judgment in this case, then the real estate in question can only be sold subject to the senior lien and to no other. They point out the provisions of R. S. 1931 Supp. 60-3443, that the holder of a certificate of purchase under a junior mortgage may pay the taxes on the land sold, insurance premiums, and interest and sums due upon any prior lien or encumbrance, and upon the redemption of the land from such sale the holder of the certificate shall be entitled to repayment of all sums thus paid by him, together with the interest. They argue that it was the duty of the holders of the certificate of purchase in case No. 44,560 to pay all charges due upon the mortgage in this case till April 13, 1932, at which time the certificate of purchase held by them would have ripened into a sheriff's deed. This argument amounts to a contention that the remedy provided in this section is the sole remedy available to the holders of the certificate of purchase in case No. 44,560 and that since they failed to exercise this right they lost all rights in the property as soon as the real estate was sold under the proceedings in this case.

As to the contention with reference to the former statutes it may be said that to follow this line of reasoning it would be necessary to hold that the holders of the certificate of purchase in case No. 44,560 had no real interest in the real estate in question other than a lien till after April 13, 1932, when if redemption should not be made the certificate would become a deed. We have held otherwise. In *Bell v. Diesem*, 86 Kan. 364, 121 Pac. 335, this court said:

"When a mortgage on land is regularly foreclosed and a sale is made under the judgment to a purchaser, being duly confirmed by the court, such purchaser acquires the full equitable title to the land although a sheriff's deed is not executed and delivered to him. While the legal title remains in the mortgagor until the sheriff's deed is executed it is held in trust for the purchaser and the record of the foreclosure proceedings is constructive notice of the equitable title acquired by the purchaser at the foreclosure sale." (Syl. ¶ 2.)

In *Chambers v. Rose*, 111 Kan. 22, 206 Pac. 336, we said:

"The effect of the former decisions is to hold that the equitable title is vested in the purchaser, after the confirmation of the sale, and that he thereby obtains certain vested rights and incurs certain obligations which, in a proper case, could be asserted or enforced." (p. 25.)

It will be seen that the holder of a certificate of purchase has rights and interests in the real estate superior to those of a lienholder. He is the equitable owner of the real estate. For all purposes except the right of the defendant owner to redeem, he is the owner of the real estate subject only to the superior lien. This must be the law from the provisions of the pertinent statutes, as well as from equitable principles. It violates in no way the rules laid down by this court, whereby the holder of an inferior lien which has not been foreclosed must buy the property when it is sold under the foreclosure of a superior lien, if he wishes to protect his interest. In those cases it is only a lien which is sought to be enforced. In the case at bar it is more than a lien. It is the right of an equitable owner of the property—one who waits only for the passage of time to become the owner of the fee. In the case of *McFall v. Ford*, 133 Kan. 593, 1 P. 2d 273, it was held that the claimant must appear at the sale and bid before she obtained any vested rights or was anything more than a lienholder. In the case at bar the holders of the certificate of purchase have appeared at a sale and bid. The property has been sold to them. Of course, they were made parties to this case. They had to be. They were the equitable owners. Nothing but the passing of time for redemption by defendant owner prevents them from becoming the owners of the fee. When the time came to hand down judgment in this case the court saw holders of a certificate of purchase whose certificate would ripen into a deed and long before the period of redemption in this case should pass would be the owner of the fee if the owner should not redeem. What more equitable than to hold that the right of the defendant

owners to redeem in this case should end when all rights of ownership should pass from them, or in other words, at the end of the redemption period under the second mortgage, provided no redemption should be had? This being the rule, how can it be said that a redemption in this case before the period of redemption should end in case No. 44,560 would wipe out the interest of those who had paid for and held a certificate of purchase for the property in an action, the judgment of which had become a finality? This is the result reached in *Home State Bank v. Frank*, 129 Kan. 311, 282 Pac. 712.

The argument is made that the holders of the certificate of purchase were limited in their remedy to that provided by R. S. 1931 Supp. 60-3443. This point is not good. The holder of the certificate of purchase will be compelled to pay all the charges provided for in that section before he obtains anything more than an equity of redemption. If April 13, 1932, should pass without appellants redeeming from the holders of the certificate of purchase in case No. 44,560, that certificate will become a deed and the holders of it will become the owners of a fee title to the land, but before it will be of any avail to them it will be necessary for them to redeem in this case. It is difficult to see how appellant is injured by such a construction of that statute.

The judgment of the district court is affirmed.

HARVEY, J., not sitting.