No. 47,854

UNITED STATES FIDELITY & GUARANTY COMPANY, *Appellant*, v. DAVID H. ADAMS and MARY M. ADAMS, (Ralph R. Thompson, et al.) *Appellees.*

(547 P. 2d 712)

Opinion filed March 6, 1976.

*W. A. Bonwell, Jr.*, of Bonwell & Fry, of Wichita, argued the cause, and was on the brief for the appellant.

*Jerry G. Elliott*, of Foulston, Siefkin, Powers & Eberhardt, of Wichita, argued the cause, and *Robert C. Foulston*, was on the brief for the appellees.

The opinion of the court was delivered by

PRAGER, J.: This is an appeal from a judgment denying the plaintiff-appellant, United States Fidelity & Guaranty Company, a

writ of assistance to place it in possession of premises acquired by sheriff's deed in a mortgage foreclosure proceeding. The defendants-appellees are David H. Adams and Mary M. Adams. The facts in this case have been stipulated by the parties and are as follows:

(1) USF&G, as surety, provided performance bonds for Thompson Development Co., Inc., which was engaged in the construction business. Prior to executing such bonds, USF&G received an indemnity agreement, indemnifying it for loss it might incur as a result of executing surety bonds, which was signed by Ralph R. Thompson and Jacqueline L. Thompson, his wife, and others.

(2) USF&G was required to pay creditors of Thompson Development Co., Inc., more than $45,000.00. On May 20, 1966, Ralph R. Thompson and Jacqueline L. Thompson, in order to secure the payment of the indebtedness due USF&G on the aforesaid indemnity agreement, executed a real estate mortgage upon three residential properties commonly known as 2210 South Pershing, 4430 Janesville, and 7720 Cottontail, all in Wichita, Kansas. The latter property was the subject of USF&G's motion for writ of assistance, and is legally described as:

"Lot Nine (9) Block Five (5), Country Acres, Sedgwick County, Kansas."

(3) On March 19, 1971, USF&G instituted this action (C-21610) to recover judgment on the indemnity agreement and to foreclose the above-described mortgage on the properties encumbered thereby, but did not join as defendants the respective holders of first mortgages of record encumbering each of the properties.

(4) Subsequently judgment was entered herein on August 20, 1971, against Ralph R. Thompson, Jacqueline L. Thompson, and Thompson Development Co., Inc., in the amount of $55,506.81, with interest, and foreclosing a mortgage of the Bank of Whitewater as a first lien upon 4430 Janesville and 7720 Cottontail, and foreclosing USF&G's mortgage as a first lien upon 2210 South Pershing and as a second lien upon the other two properties. All of such liens, however, were subject to the first mortgages of record.

(5) A sheriff's sale was held on November 3, 1971, at which the three properties were sold, subject to the rights and liens of the respective first mortgage holders. Connecticut General Life Insurance Company held a first mortgage on only the premises known as 7720 Cottontail. USF&G purchased the three parcels with the following bids:

| | |
|---|---|
| 2210 South Pershing ............. .. | ... $4,000.00 |
| 4430 Janesville ...................... ..... | 8,600.00 |
| 7720 Cottontail ............................. | 9,600.00 |
| | $22,200.00 |

USF&G paid the amount of the Bank of Whitewater's judgment in the sum of $10,433.40 and court costs of $137.44. The remainder of its bid in the amount of $11,766.60 was credited to USF&G's judgment against the defendants, Ralph R. Thompson and Jacqueline L. Thompson.

(6) On November 12, 1971, said sale was confirmed, subject to redemption period of 18 months, and subsequently a certificate of purchase to the above-described real estate was issued to USF&G.

(7) Thereafter, default was made under the terms of the first mortgage encumbering 7720 Cottontail and on May 1, 1972, Connecticut General Life Insurance Company instituted foreclosure proceedings by Case No. C-25091 in the District Court of Sedgwick County, Kansas. Numerous parties were joined as defendants, including creditors who had been named as defendants in the prior foreclosure, Case No. C-21610. In its petition Connecticut General Life Insurance Company alleged that USF&G claimed an interest in the real estate by reason of the mortgage which ". . . has been foreclosed and reduced to judgment in District Court Case No. C-21610, . . ."

(8) USF&G's answer in Case No. C-25091 alleged that it had acquired an interest in the property as the purchaser at the prior sheriff's sale in Case No. C-21610, and that its interest in the property involved was junior only to the rights of the first mortgage holder. No lien was alleged in the body of the answer, but the prayer asked that the property ". . . be foreclosed and an order entered finding that USF&G has a lien subject only to the rights of the first mortgage and for such further relief as the court deem proper."

(9) At the time of the second foreclosure (C-25091) USF&G held an unsatisfied judgment rendered in the first foreclosure (C-21610) of approximately $30,000.00, and was also the holder of a certificate of purchase to the premises at 7720 Cottontail, as the purchaser at the sheriff's sale in the first proceeding.

(10) Ralph R. Thompson and Jacqueline L. Thompson were the record owners of the premises during each of the foreclosure actions. In the first action (C-21610) they were represented by counsel. In the second proceeding (C-25091) they were served by

restricted mail in Boulder, Colorado, but did not enter an appearance in person or by counsel.

(11) On June 30, 1972, judgment of foreclosure was entered in Case No. C-25091, which included the following findings:

"The Court finds that the claim of the Defendant, United States Fidelity & Guaranty Company, is a second claim against said real property; *  *  *

"The Court finds that in the event of foreclosure sale pursuant to this order, that the defendants, Ralph R. Thompson and Jacqueline L. Thompson, should be allowed the right to redeem the property as owners of said real property provided that they do so by the 8th day of April, 1973, which is the date that their redemption rights expire under the mortgage foreclosure sale and judgment in favor of United States Fidelity and Guaranty Company in Case Number C-21610 in the District Court of Sedgwick County, Kansas, and that the remainder of the redemption rights as owner should be granted to and vested in United States Fidelity and Guaranty Company, its successors and assigns and that the total redemption rights should be exercised within eighteen months after the date of the foreclosure sale herein, and that upon such foreclosure sale, all defendants should be barred from claiming any interest in said real property except the redemption rights of Ralph R. Thompson and Jacqueline L. Thompson and United States Fidelity and Guaranty Company as owners and except the rights of junior lienholders and junior judgment creditors as set forth above pursuant to the applicable statutes of the State of Kansas.

"The Court finds that judgment should be rendered against all defendants, and each and every one of them, and all persons and parties claiming by, through or under them should hereafter be forever barred, restrained, enjoined, and foreclosed from asserting any right, title, interest or estate in and to the real property legally described as:

"Lot Nine (9) Block Five (5), Country Acres, Sedgwick County, Kansas, save and except the rights of redemption as aforesaid.; and included the following Orders:

"IT IS BY THE COURT FURTHER ORDERED that the following named defendants and cross petitions have judgments liens against the defendants, Ralph R. Thompson and Jacqueline L. Thompson, which judgment liens are in the amounts and priorities as follows:

"United States Fidelity and Guaranty Company has a second claim against subject property in the sum of $30,444.10, plus interest and costs in accordance with its judgment in Case No. C-21610 in the District Court of Sedgwick County, Kansas, which arose out of a mortgage dated May 20, 1966; *  *  *

"IT IS BY THE COURT FURTHER ORDERED, ADJUDGED AND DECREED that in the event of foreclosure sale of the above-described real property, that a period of redemption of eighteen months from the date of sale is hereby decreed and the defendants Ralph R. Thompson and Jacqueline L. Thompson shall have the right to redeem as owners until the 8th day of April, 1973, which is the date that their redemption rights expire under the mortgage sale and foreclosure in favor of United States Fidelity and Guaranty Company in Case No. C-21610 and the remainder of the owners redemption rights for

said period of time shall then be vested in said United States Fidelity and Guaranty Company. * * *

"IT IS BY THE COURT FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED that the mortgage and lien of the plaintiff (Connecticut General Life Insurance Company) is superior and prior to all the interests, estates, claims and liens of all defendants, and each of them and all persons claiming by, through or under them are forever barred, foreclosed and precluded from asserting any right, title, interest, claim, estate or lien of any nature, kind or character, in or to the above described real property, except the right of redemption from the Sheriff's Sale as above set forth."

(12) On August 16, 1972, the property was sold at sheriff's sale. The judgment lien of Connecticut General Life Insurance Company with interest and costs was then in the amount of $8,139.66. The Union National Bank was the successful bidder for the sum of $9,500.00, and the sale was subsequently confirmed by the court.

(13) On September 16, 1972, the court ordered the proceeds of sale in excess of that due the plaintiff, Connecticut General, be disbursed to USF&G and the clerk disbursed $1,360.34 pursuant to that order.

(14) No appeal was ever taken from the journal entry of judgment in Case No. C-25091.

(15) By warranty deed dated October 18, 1972, and recorded November 1, 1972, in Book 36 at Page 1351, Ralph R. Thompson and Jacqueline L. Thompson, his wife, conveyed the property commonly known as 7720 Cottontail to the appellees Adams. The deed contained the following recital:

"This deed is for the purpose of transferring the Parties of the First Parts' right of redemption to the above described property arising from Sheriff's Sale in the mortgage foreclosure case entitled 'Connecticut General Life Insurance Company v. Ralph R. Thompson, et al', Case No. C-25091 in the District Court of Sedgwick County, Kansas."

(16) Also, on November 1, 1972, the Union National Bank surrendered its certificate of purchase issued in Case No. C-25091 to the clerk of the district court and advised the clerk that the Adamses had redeemed the property direct from the bank and the clerk made appropriate notations upon the redemption docket and the certificate of purchase.

(17) The Adamses mortgaged the property by mortgage dated October 31, 1972, for the sum of $11,875.00, which mortgage was recorded on November 1, 1972, in Book 36 at Page 1352. The Adamses obtained and paid for both mortgagee's and owner's policies of title insurance in the amount of $11,875.00.

(18) On May 30, 1973, USF&G procured an appraisal of the property at 7720 Cottontail which established its market value as approximately $23,500.00. As a result of that appraisal USF&G acquired knowledge that the Adamses were in possession of the premises claiming to have redeemed the property in Case No. C-25091.

(19) No payment to effect redemption was made in Case No. C-21610, and after expiration of the period for redemption, USF&G surrendered its certificate of purchase and procured a sheriff's deed, conveying the property at 7720 Cottontail, which was recorded June 14, 1973, in Book 63 at Page 61, Register of Deeds, Sedgwick County, Kansas. On June 27, 1973, USF&G made payment for the purpose of redeeming the above-described property in Case No. C-25091 by paying to the clerk of the court the sum of $10,158.59, which included principal of $9,500.00 and interest from the date of sale.

(20) At the time USF&G redeemed in Case No. C-25091, it knew that the Adamses had previously redeemed in Case No. C-25091 and were in possession.

(21) Demand was made upon the Adamses by letter dated June 27, 1973, for possession of said premises and on July 25, 1973, USF&G filed its motion for writ of assistance.

The basic question of law presented in the case is whether or not the redemption of the real estate by the appellees, Adams, in Case No. C-25091 had the effect of barring USF&G from claiming any right, title or interest in the property under its certificate of purchase and sheriff's deed which it had obtained in the first foreclosure proceeding in Case No. C-21610. The district court determined the case on the stipulated facts and denied USF&G's motion for a writ of assistance. In so doing the district court rendered conclusions of law as follows:

"1. The journal entry, dated 6/30/72, and more specifically the finding of facts set forth by the Court from C-25091; herein is the determining factor as to the rights of the parties.

"2. The Plaintiff, U. S. F. & G., was a party as a lienholder in C-25091 represented by counsel who approved the journal entry and received a portion of the proceeds as such.

"3. The interest of the Plaintiff, U. S. F. & G., in Case No. C-21610 was subject to the findings and order of the Court set forth in C-25091, and all the Plaintiff's rights to the ownership were deleted by the redemption.

"4. The questioned real property was effectively redeemed by Defendants, David H. Adams and Mary M. Adams, on 11/1/72 in Case No. C-25091. This right of redemption was not conditioned or qualified in the journal entry ex-

cept by the setting of a date that the redemption right would expire which incidentally was changed from eighteen months to twelve months, but would not effect this ruling as it was redeemed well within this time.

"5. The Plaintiff, U. S. F. & G., filed its pleadings consistently as that of a lienholder and no appeal was taken from C-25091 and is now res judicata in C-21610 and Plaintiff's claims are out of time by virtue of the Plaintiff's admissions and acts.

"6. In the opinion of the Court, the Doctrine of Equitable Estoppel is applicable in this case and the motion for Writ of Assistance is overruled and denied."

The basic issue raised on this appeal by USF&G is the correctness of the court's judgment and the conclusions of law upon which such judgment was based.

We have concluded that the district court was in error. In our judgment the resolution of the legal questions presented is controlled by *Union Central Life Ins. Co. v. Reser*, 134 Kan. 876, 8 P. 2d 366. *Reser* was an action to foreclose a mortgage on real estate. The Resers executed a first mortgage on the real estate to the Union Central Life Insurance Company. Later they executed a second mortgage to the Silver Lake State Bank. The lien of this mortgage was junior to the mortgage of the insurance company. Subsequently default was made in the second mortgage. Suit was brought to foreclose it. Judgment was had for foreclosing this mortgage and fixing the period of redemption. This judgment became final and the real estate was sold by the sheriff. It was bid in by the Silver Lake State Bank, the plaintiff in that suit. A certificate of purchase was issued to the bank. The journal entry provided that this sale should become absolute on April 13, 1932. This case was referred to as Case No. 44,560. The insurance company was not a party to that suit. At the time that suit was brought the first mortgage to Union Central Life was not in default. As soon, however, as the second mortgage was foreclosed the Resers failed to pay the interest on the first mortgage as it became due and it became in default. Union Central Life then filed a suit to foreclose the first mortgage. Silver Lake State Bank was made a defendant in the case. The Silver Lake State Bank came in and set up its mortgage and the proceedings to foreclose it in the prior Case No. 44,560. The first mortgage was foreclosed and the real estate sold. It was bid in by Union Central Life, the plaintiff in the second action. The period of redemption was fixed at eighteen months. The journal entry provided that the right of redemption would be exclusively in the Resers until April 13, 1932, at which time the holder

of the certificate of purchase, Silver Lake State Bank, in Case No. 44,560 would have the right to redeem provided the Resers had not redeemed in that case. The journal entry in the second case provided further that if the Resers redeemed from the sale in the second case and did not redeem from Case No. 44,560, then, after April 13, 1932, the holder of the certificate of purchase in that case should retain the right to a sheriff's deed and possession of the real estate in question after April 13, 1932, in accordance with the judgment in that case. The judgment amounted to a holding that the Resers could not redeem from the sale in the second case by paying the amount of the judgment in that case only, but they must also pay the judgment and costs in the first case, 44,560, where the junior mortgage was foreclosed.

The Resers contended that they should be allowed to redeem from the sale under the foreclosure of the senior lien in the second case by paying only the amount of the sale under that judgment on or before April 13, 1932, and by so doing they would take the land free of the lien or claims of those who purchased the property at the sale on foreclosure of the second mortgage in Case No. 44,560. This court held in favor of the Silver Lake State Bank, the holder of the certificate of purchase in Case No. 44,560. It reasoned as follows:

"It will be seen that the holder of a certificate of purchase has rights and interests in the real estate superior to those of a lienholder. He is the equitable owner of the real estate. For all purposes except the right of the defendant owner to redeem, he is the owner of the real estate subject only to the superior lien. This must be the law from the provisions of the pertinent statutes, as well as from equitable principles. It violates in no way the rules laid down by this court, whereby the holder of an inferior lien which has not been foreclosed must buy the property when it is sold under the foreclosure of a superior lien, if he wishes to protect his interest. In those cases it is only a lien which is sought to be enforced. In the case at bar it is more than a lien. It is the right of an equitable owner of the property—one who waits only for the passage of time to become the owner of the fee. In the case of *McFall v. Ford,* 133 Kan. 593, 1 P. 2d 273, it was held that the claimant must appear at the sale and bid before she obtained any vested rights or was anything more than a lienholder. In the case at bar the holders of the certificate of purchase have appeared at a sale and bid. The property has been sold to them. Of course, they were made parties to this case. They had to be. They were the equitable owners. Nothing but the passing of time for redemption by defendant owner prevents them from becoming the owners of the fee. When the time came to hand down judgment in this case the court saw holders of a certificate of purchase whose certificate would ripen into a deed and long before the period of redemption in this case should pass would be

the owner of the fee if the owner should not redeem. What more equitable than to hold that the right of the defendant owners to redeem in this case should end when all rights of ownership should pass from them, or in other words, at the end of the redemption period under the second mortgage, provided no redemption should be had? This being the rule, how can it be said that a redemption in this case before the period of redemption should end in case No. 44,560 would wipe out the interest of those who had paid for and held a certificate of purchase for the property in an action, the judgment of which had become a finality?" (pp. 880-881.)

The court also rejected the contention that the sole remedy of the Silver Lake State Bank was to pay all sums due on the first mortgage of Union Central Life until April 13, 1932. The court concluded that if April 13, 1932, should pass without redemption in the prior case, the certificate of purchase issued therein would become a deed and the holder would become the owner of a fee title to the land, but would then be required to redeem in the action foreclosing the senior lien of Union Central Life.

The defendants Adams take the position that the result in this case is not controlled by *Reser* because the journal entry of judgment in the second foreclosure action, No. C-25091, did not specifically provide that the Adamses were required to redeem in the first case, No. C-21610, in order to bar the interest of USF&G as holder of the certificate of purchase in that case. The Adamses further contend that because of the peculiar wording of the journal entry in Case No. C-25091 and the failure of USF&G to appeal from that judgment, the matter is now res judicata since by terms of that journal entry USF&G is barred from claiming any further interest in the property. The trial court adopted the position which the Adamses now assert on this appeal. We have concluded that the trial court was in error. We have carefully considered the language of the journal entry in Case No. C-25091 which is set forth above in stipulated fact number 11. It is true that the journal entry in Case No. C-25091 does not in express terms require the defendants Adams to redeem in the prior case, C-21610. It is important to note, however, that the decision in *Reser* is not based on the peculiar wording of the journal entry. Rather it is based upon principles of equitable estoppel and also upon the legal status of the holder of the certificate of purchase. The Adamses, as purchasers of the Thompsons' right of redemption in the second foreclosure action, Case No. C-25091, stood in the same shoes as Thompsons and had no rights superior to those of the Thompsons. The Adamses were charged with constructive notice of all pro-

ceedings in both cases, Nos. C-21610 and C-25091. In our judgment the journal entry in Case No. C-25091 recognized the continuing vitality and efficacy of the judgment entered in Case No. C-21610. The journal entry refers to both the Thompsons and USF&G *as owners.* It recognizes the restriction that the Thompsons must redeem by April 8, 1973, the date the Thompsons' redemption rights expired under the mortgage foreclosure sale and judgment in Case No. C-21610. After that date the right to redeem in the second case became the property of USF&G as the holder of the certificate of purchase. The journal entry in Case No. C-25091 imparted to the Thompsons and their successors in interest full knowledge of the rights of USF&G as holders of the certificate of purchase in Case No. C-21610. There was no reason for USF&G to appeal from the judgment in Case No. C-25091 since its rights in the prior action were fully protected. Hence it cannot be barred from enforcing its rights as holder of the certificate of purchase in Case No. C-21610 and later as holder of the sheriff's deed.

We, likewise, reject the contention that USF&G is estopped to assert its claim against the Adamses or its right to receive a writ of assistance to place it in possession of the property. We find nothing in the record to disclose any false representations or concealment of facts by USF&G. The Adamses had constructive knowledge of the two prior foreclosure proceedings. It has been stipulated that the answer of USF&G in Case No. C-25091 alleged it had acquired an interest in the property as the *purchaser at the prior sheriff's sale* in Case No. C-21610, and that its interest in the property involved was junior *only* to the rights of the first mortgage holder. No lien was alleged in the body of the answer although the prayer asked that the property be foreclosed and an order entered finding that USF&G had a lien subject only to the rights of the first mortgage and "for such further relief as the court may deem proper." In fact USF&G was not only the holder of the certificate of purchase but also held an unsatisfied deficiency judgment in the amount of $30,000 in Case No. C-21610. We simply cannot find a basis for an equitable estoppel against USF&G since it obviously asserted its claim as holder of the certificate of purchase in its answer and the Adamses must be charged with knowledge of all proceedings in the two foreclosure cases.

The result reached in this case does not mean that the Adamses will lose the money which they paid to redeem in Case No. C-25091.

They are entitled to reimbursement of any amount they paid for purposes of redemption in that case with interest up to the date USF&G made payment for the purpose of redeeming the property in Case No. C-25091. Such sum has been in the hands of the clerk of the Sedgwick county district court and has been available to the Adamses since June 27, 1973.

For the reasons set forth above the judgment of the district court is reversed and remanded with directions to the district court to grant the motion of USF&G for a writ of assistance.