**In re Wayne LANGGUTH and Sandra Langguth, Debtors.**

**Bankruptcy No. 84 B 7523.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Aug. 7, 1985.

Bishop & Crawford, Ltd., Oak Brook, Ill., for Elmhurst Nat. Bank.

Conklin & Adler, Ltd., Chicago, Ill., for debtors.

## MEMORANDUM OPINION AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This cause coming on to be heard upon the Objection To Confirmation Of Plan filed by ELMHURST NATIONAL BANK, represented by BISHOP and CRAWFORD, LTD., and upon the Response thereto filed by Debtors, WAYNE and SANDRA LANGGUTH, represented by CONKLIN and ADLER, LTD., and also upon the Petition For Attorneys' Fees filed by the ELM-

HURST NATIONAL BANK, and the Court, having reviewed the record and the pleadings on file, and having afforded the parties an opportunity for hearing, and being fully advised in the premises:

The Court Finds:

1. Debtors, WAYNE and SANDRA LANGGUTH, filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on June 13, 1984. Thereafter, on June 27, 1984, Debtors filed their bankruptcy schedules, statement of affairs and a joint Chapter 13 plan.

2. The Debtors' sole scheduled creditor was the ELMHURST NATIONAL BANK [Elmhurst].

3. On November 3, 1978, Debtor, WAYNE LANGGUTH, conveyed his interest in his residence to Elmhurst as land trustee, retaining the 100% beneficial interest in the land trust for himself, with the provision that his wife, Debtor SANDRA LANGGUTH, would succeed to the 100% beneficial interest upon Debtor, WAYNE LANGGUTH's, death. The *res* of this land trust was legally described as:

> Lot 6 in Guild's Subdivision of the Ballard Farm Unit One, being a part of the Northeast Quarter of Section 18, Township 40 North, Range 9, East of the Third Principal Meridian, according to the Plat thereof recorded April 21, 1955 as document 753823, in DuPage County, Illinois.

At the time of the formation of this land trust, the *res* was encumbered with a first mortgage interest held by the BARTLETT BANK AND TRUST COMPANY [Bartlett], which mortgage interest was created on February 15, 1978, pursuant to a mortgage agreement and installment note in the principal amount of $68,000.00.

On January 14, 1981, Debtors assigned their beneficial interest in the land trust to Elmhurst as security for a $38,841.60 note, which note was renewed by Debtors and Elmhurst on April 24, 1981.

4. Debtors became in default in the July 5, 1982, installment payment owed to Elmhurst pursuant to its mortgage agreement

and note, and Debtors failed to pay Elmhurst any of the installment payments due thereafter. On September 14, 1982, Elmhurst filed a Complaint in the Circuit Court of DuPage County, Illinois, No. 82 CH 810, to foreclose its mortgage interest in the land trust *res*. At the time of this filing, Debtors owed Elmhurst $22,384.48 unpaid principal and interest, pursuant to the April 24, 1981, mortgage agreement and note.

The first mortgagee, Bartlett, answered Elmhurst's Complaint and alleged that Debtors became in default in payment of their first mortgage agreement and note with Bartlett on March 1, 1982. Bartlett further alleged that as of November 8, 1982, Debtors were $5,437.17 in arrears under their first mortgage agreement, and that $71,289.11 principal and interest was currently due Bartlett under that agreement. On November 9, 1982, Bartlett filed a counterclaim in the DuPage County proceedings, for foreclosure of its first mortgage interest in the land trust *res*.

5. On November 7, 1983, the Circuit Court of DuPage County, Illinois entered a Judgment of Foreclosure and Sale respecting the first mortgage interest of Bartlett in the land trust *res*, in the amount of $79,782.70. That same day, the circuit court entered an Agreed Judgment of Foreclosure and Sale with reference to the second mortgage held by Elmhurst in the land trust *res*, in the amount of $31,222.50.

6. Pursuant to the November 7, 1983, judgments of foreclosure, the Sheriff of DuPage County, Illinois conducted a sale of the land trust *res* on December 15, 1983. Elmhurst was the successful bidder at this sale, having bid the sum of $112,586.50. Pursuant to section 12–122 of the Illinois Code of Civil Procedure, Ill.Rev.Stat. ch. 110, par. 12–122 (1983), the six-month statutory period of redemption with reference to the land trust *res* was set to expire on June 16, 1984. Debtors commenced these voluntary Chapter 13 proceedings on June 13, 1984, three days prior to the expiration of this statutory period of redemption.

7. Debtors filed a joint Chapter 13 plan on June 27, 1984, in which Debtors pro-posed to pay $2,100.00 monthly to the Trustee for sixty months. After deduction of the Trustee's statutory fee, all of these payments would accrue to the benefit of Elmhurst. Debtors' plan, in effect, represents an attempt to compose the repayment of the equity of redemption respecting the land trust *res*, over the sixty-month term of their Chapter 13 plan.

8. Debtors' bankruptcy schedules reflect that Debtor SANDRA LANGGUTH is employed by the Central DuPage Hospital located in Winfield, Illinois, and that she has approximate monthly take-home pay of $900.00. Debtor WAYNE LANGGUTH earns $2,300.00 gross monthly self-employment income from his operation of a business known as Country Classic Design d/b/a The Siding Co., which business is conducted out of Debtors' home in Wayne, Illinois (the land trust *res*). Debtors claim to incur $1,010.00 monthly living expenses, and their schedules state that they have $2,190.00 surplus monthly income available for payment to the Chapter 13 Trustee. However, Debtors' budget does not appear to take into account any payments for state and federal income taxes and self-employment taxes on Debtor WAYNE LANGGUTH's gross self-employment income. Therefore, the actual amount of disposable income which Debtors may have available for payment to the Chapter 13 Trustee could be less than the amount set forth in Debtors' bankruptcy schedules.

9. Elmhurst filed an Objection on August 17, 1984, which raised four substantive grounds for the denial of confirmation of Debtors' Chapter 13 plan. Elmhurst first suggested that Debtors' plan failed to comply with the provisions of section 1325(a)(1) of the Bankruptcy Code, because it permitted Debtors to exercise their statutory right of redemption respecting the land trust *res* over the sixty-month term of their plan, rather than within the sixty-*day* period following the entry of the order for relief set forth in section 108(b) of the Bankruptcy Code. Second, Elmhurst claimed that the value of property distributed under Debtors' plan was less than the

amount which would be paid if Debtors' estate were liquidated under Chapter 7 of the Bankruptcy Code, in violation of 11 U.S.C. § 1325(a)(4).

Third, Elmhurst claimed that Debtors will be unable to make all payments under the plan and comply with the plan, in violation of 11 U.S.C. § 1325(a)(6). Finally, Elmhurst claimed to be a secured creditor which has not accepted Debtors' plan, and that confirmation should be denied under 11 U.S.C. § 1325(a)(5).

10. The Debtors respond that they are entitled to compose the repayment of their statutory right to redeem their residential property over the sixty-month term of their Chapter 13 plan. *See Tinley Park Bank v. Phelps (In re Kokkinis )*, 22 B.R. 353, 9 B.C.D. 382 (Bankr.N.D.Ill.1982).

11. Both Elmhurst and Debtors filed memoranda of law in support of their respective positions. After a hearing conducted on November 14, 1984, the Court took this matter under advisement on the briefs at the request of the parties.

The Court Concludes and Further Finds:

1. Section 12–122 of the Illinois Code of Civil Procedure (Ill.Rev.Stat. ch. 110, par. 12–122 (1983)), establishes the terms and conditions under which Illinois residents may redeem residential real property from a judgment of foreclosure and a confirmed Sheriff's sale. Section 12–122 provides, in relevant part:

> § 12–122. **Redemption.** Any defendant, his or her heirs, executors, administrators, assigns, or any person interested in the premises, through or under the defendant, may, * * * within 6 months from the sale, redeem the real estate so sold by paying to the purchaser thereof, his or her heirs, executors, administrators or assigns or to the sheriff or other officer who sold the same, or his or her successor in office, for the benefit of such purchaser, his or her heirs, executors, administrators, or assigns, the sum of money for which the premises were

sold or bid off, with interest thereon at the rate of 10% per annum from the time of such sale, whereupon such sale and certificate shall be null and void.

Section 12–122 thus allows individual debtors a final opportunity to recover their homes from judicial sale, by paying the successful bidder the full amount, with interest, which was bid at the sale, within six months of the date of the sale.

2. Section 108(b) of the Bankruptcy Code affords Chapter 13 debtors an additional sixty-day period following the entry of an order for relief, in which to exercise the statutory right to redeem residential property from judicial sale under Illinois law. Prior to its amendment by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (98 Stat. 333),[1] section 108(b) provided:

### SECTION 108 (11 U.S.C. § 108)

#### § 108 Extension of time.

*　*　*　*　*　*

(b) Except as provided in subsection (a) of this section, if applicable law, an order entered in a proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and

(2) 60 days after the order for relief.

3. The Debtors construe section 108(b) as merely setting forth a time period, in the nature of a statute of limitations, within which a Chapter 13 debtor must *elect* to

---

**1.** The Bankruptcy Amendments and Federal Judgeship Act of 1984 made certain clarifying amendments to section 108(b) of the Bankrupt-

cy Code which, pursuant to section 553(a) of the Act, are applicable only to cases filed on or after October 8, 1984.

exercise a statutory right of redemption. Debtors argue that the filing of a Chapter 13 plan which contemplates 100% payment to the holder of the Sheriff's deed, (i.e. Elmhurst) constitutes an *election* to redeem their real property from the judicial sale. Debtors further argue that their *election* to exercise a right of redemption is timely and effective under section 108(b)(2) of the Bankruptcy Code, if filed within the sixty-day period following the entry of the order for relief, notwithstanding the fact that Elmhurst would receive no immediate payments by virtue of the mere filing of the proposed plan, and would not receive full repayment of the $112,586.50 it bid at the judicial sale until sixty months following the confirmation and implementation of Debtors' Chapter 13 plan.

■ 4. In the case of *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136, 4 B.C.D. 1259 (1979), the Supreme Court observed:

> Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both state and federal courts within a State serves to reduce uncertainty, to discourage forum shopping and to prevent a party from receiving "a windfall merely by reason of the happenstance of bankruptcy."

440 U.S. at 55, 99 S.Ct. at 918, 4 B.C.D. at 1262. *See also In re Gladstone Glen*, 628 F.2d 1015, 1017 (7th Cir.1980); *In re Graham*, 24 B.R. 305, 309, 10 B.C.D. 500, 502 (Bankr.N.D.Iowa 1982), *aff'd*, 726 F.2d 1268 (8th Cir.1984). Section 12–122 of the Illinois Code of Civil Procedure therefore governs the essential rights of the Debtors and Elmhurst with reference to the redemption of the Debtors' residence from judicial sale except to the extent that section 108(b) of the Bankruptcy Code expressly prescribes a different procedure. Section 108(b) of the Bankruptcy Code does afford a Chapter 13 debtor an additional

sixty-day period in which to redeem residential property from judicial sale under Illinois law. But section 108(b) does not alter or supercede the other substantive requirement of the Illinois statute: full payment with interest of the amount paid by the successful bidder at the judicial sale. The Court concludes that the Debtors' right to redeem their home lapsed on August 13, 1984, when the sixty-day period set forth in section 108(b) of the Bankruptcy Code expired and the Debtors had not tendered to Elmhurst "the sum of money for which the premises were sold or bid off, with interest thereon at the rate of 10% per annum from the time of such sale." Ill. Rev.Stat. ch. 110, par. 12–122 (1983). *See Johnson v. First National Bank of Montevideo*, 719 F.2d 270, 278, 11 B.C.D. 290, 294–95 (8th Cir.1983).

■ 5. Debtors argue that their proposed plan may be confirmed under section 1322(b)(3) of the Bankruptcy Code, which section allows a Chapter 13 plan "to provide for the curing or waiving of any default." However, there are no mortgage arrearages or defaults which Debtors' Chapter 13 plan could cure, because the mortgage agreement between the parties merged into the agreed judgment of foreclosure obtained by Elmhurst on November 7, 1983. *See First Financial Savings and Loan Association v. Winkler*, 29 B.R. 771, 773 (N.D.Ill.1983).

6. Debtors state that their proposed Chapter 13 plan would not modify Elmhurst's rights as a secured creditor under section 1322(b)(2) of the Bankruptcy Code, because it provides for full payment of Elmhurst's claim, and because it would permit Elmhurst to obtain a deed to the residential property in the event that Debtors default in their plan payments. This argument overlooks the fact that Elmhurst already has title to the property in question, and that Debtors' Chapter 13 plan proposes to take that title away.

■ 7. Debtors' Chapter 13 plan, if completed, would vest them with title to real property which is now legally and equitably owned by Elmhurst. Such act would

be inconsistent with the provisions of Chapter 13 as well as with the other applicable provisions of title 11 of the United States Code. Accordingly, confirmation of Debtors' proposed Chapter 13 plan is denied. 11 U.S.C. § 1325(a)(1).

8. The Court further finds that the Debtors lack sufficient net monthly income to enable them to make all payments under their proposed plan or to comply with the provisions of such plan. This finding constitutes additional cause to deny confirmation to Debtors' Chapter 13 plan. 11 U.S.C. § 1325(a)(6).

9. The Court further finds that the Debtors' Chapter 13 plan was not proposed in good faith. Debtors' petition, schedules and plan failed to accurately characterize the nature of their obligations to Elmhurst. Their schedules failed to accurately set forth their monthly employment tax expenses. Debtors' Chapter 13 petition was filed three days prior to the expiration of their statutory right to redeem their residence from the judicial sale. All these circumstances indicate a lack of fundamental fairness in dealing with their only scheduled creditor. This finding constitutes independent cause for the denial of confirmation of Debtors' Chapter 13 plan under section 1325(a)(3) of the Bankruptcy Code. *See Ravenot v. Rimgale (In re Rimgale)*, 669 F.2d 426, 432, 8 B.C.D. 874, 879–80 (7th Cir.1982).

10. The Petition For Attorneys' Fees filed October 3, 1984, by Elmhurst is denied without prejudice, in light of the Court's disposition of the other issues presented in this case.

11. This cause constitutes a core proceeding. 28 U.S.C. § 157.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Objection To Confirmation Of Plan filed by the ELMHURST NATIONAL BANK be, and the same is hereby sustained.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Confirmation of the joint Chapter 13 plan filed by WAYNE LANGGUTH and SANDRA LANGGUTH be, and the same is hereby denied.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Chapter 13 case filed by Debtors WAYNE LANGGUTH AND SANDRA LANGGUTH be, and the same is hereby dismissed with prejudice.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Petition For Attorneys' Fees filed by the ELMHURST NATIONAL BANK be, and the same is hereby denied.