**In re Marvin Ray McKINNEY, Oreta Ann McKinney, Debtors.**

**Bankruptcy No. 87–11375.**

United States Bankruptcy Court,
D. Kansas.

Oct. 29, 1987.

Patricia Rose Myers, Daniel W. Forker, Jr., Reynolds, Peirce, Forker, Suter, O'Neal & Myers, Hutchinson, Kan., for debtors.

J. Michael Kennalley, Hershberger, Patterson, Jones & Roth, Wichita, Kan., for FLB.

## MEMORANDUM OF DECISION

JOHN K. PEARSON, Bankruptcy Judge.

This case is before the Court for ruling upon the objection of the Federal Land Bank of Wichita ("FLB") to confirmation of the Chapter 12 plan of Marvin Ray and Oreta Ann McKinney ("debtors"). Debtors appear by Patricia Rose Myers and Daniel W. Forker, Jr. of Reynolds, Peirce, Forker, Suter, O'Neal & Myers, Hutchinson. FLB appears by J. Michael Kennalley of Hershberger, Patterson, Jones & Roth, Wichita.

## SUMMARY

The issue is a question of law. FLB contents that a Chapter 12 debtor may not reinstate a foreclosed mortgage in bankruptcy once a foreclosure judgment has been entered and the sheriff's sale con-

firmed. Debtors contend that because their statutory redemption period had not expired before they filed their petition, they may reinstate the mortgage and reamortize their debt under their plan of reorganization. The question of law is whether a debtor may reinstate a foreclosed mortgage after the foreclosure sale is held and reamortize the indebtedness under § 1222(b). For the reasons discussed below, the Court rules that a foreclosed mortgage may not be revived after a foreclosure sale is held.

## FACTS

The facts are not disputed.

1. On March 3, 1975 debtors became indebted to FLB in the principal amount of $206,600.00.

2. The initial payment was due on February 1, 1976 and the final payment on February 1, 1995.

3. The debtors executed a mortgage dated March 3, 1975 on 480 acres of real property in Stanton County, Kansas.

4. The mortgage was recorded by FLB on March 15, 1975.

5. On February 1, 1986, debtors defaulted and the loan was called on April 18, 1986.

6. Debtors are indebted to the FLB in the amount of $195,956.32 plus interest in the amount of $78.927 per day since May 14, 1987.

7. Debtors have not made the 1986 or 1987 payments to FLB.

8. The amount required to cure the arrearages as of the date of the confirmation hearing, October 29, 1987, is $82,393.59.

9. FLB began a foreclosure action, and on October 2, 1986, obtained a Stanton County District Court judgment of foreclosure.[1]

10. On November 14, 1986 the real estate was sold by sheriff's sale to the FLB.

11. On the last day of the six-month redemption period debtors filed for relief under Chapter 12 of the Bankruptcy Code.

12. Debtors timely submitted their plan for reorganization and confirmation is scheduled on October 29, 1987.

13. In the plan the debtors propose to reinstate the FLB's note and mortgage and to make regular payments over thirty years.

14. No curing of arrearages is proposed. Instead of curing the default, the debtors propose to reamortize their indebtedness to FLB over a thirty-year period at a fixed interest rate of nine and one half percent per annum.

## DISCUSSION

The debtors claim that so long as they are within their statutory redemption period, § 1222(b) allows them to cure defaults and reclaim their foreclosed real property even after the sheriff's sale. The FLB contends that under applicable state law, a Chapter 12 debtor, after a foreclosure sale, may only redeem upon full satisfaction of the judgment debt because the state court precludes merely curing the default. The Court concludes that the FLB's position is the correct one.

This is strictly a question of law. While a debtor's rights in real property are a matter of state law, the debtor's power to alter or affect those rights is a question of bankruptcy and thus, federal law. *Matter of Roach*, 824 F.2d 1370 (3d Cir.1987); *Johnson v. First National Bank of Montevideo*, 719 F.2d 270 (8th Cir.1983). Under Chapter 12, the debtor's power to modify his indebtedness and the rights of creditors are set forth in § 1222(b)(5.) While this is a new section of the Code and there is as yet little or no caselaw on it, there is no discernable difference between this section and the corresponding section of Chapter 13, § 1322(b)(5). Thus, the Court may look to cases decided under § 1322(b)(5) in order to best determine the specific power given

---

1. The debtors attempted to forestall foreclosure by deeding the property to a grantor trust which actually held title as of the foreclosure sale and the date of the petition in bankruptcy. The Court previously held that the debtors should not be removed as debtors in possession. The legal sufficiency of the foreclosure is not at issue.

a debtor to modify his obligations in a Chapter 12 plan.

Section 1222(b) provides:

(b) Subject to subsections (a) and (c) of this section, the plan may—

(5) provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due:[2]

The bankruptcy courts are split as to the debtor's ability to "cure" a default after the entry of a foreclosure judgment. The majority appear to apply a merger rule and bar debtor from curing after entry of the foreclosure judgment. *In re Morris*, 73 B.R. 358 (Bankr.D.N.J.1987); *In the Matter of Venech*, 67 B.R. 56 (Bankr.M.D.Fla. 1986); *In the Matter of Akins*, 55 B.R. 183 (Bankr.M.D.Fla.1985); *In re Langguth*, 52 B.R. 572 (Bankr.N.D.Ill.1985); *In re White*, 22 B.R. 542 (Bankr.D.Del.1982); *In re Maiorino*, 15 B.R. 254 (Bankr.D.Conn. 1981). The District of Kansas bankruptcy cases follow the majority. *See In re Davis*, 15 B.R. 22 (Bankr.D.Kan.1981), *aff'd*, 16 B.R. 473 (D.C.Kan.1981); *In re Bickell*, Case No. 83, 40737, Slip Op. (Bankr.D.Kan. 1983); *In re Elliott*, Case No. 82–10940, Slip Op. (Bankr.D.Kan.1983). A minority have held that § 1322(b)(5) permits a debtor to cure a default and reinstate a mortgage after entry of a foreclosure judgment. *See In re Chambers*, 27 B.R. 687 (Bankr.S.D.Fla.1983); *In re Johnson*, 29 B.R. 104 (Bankr.S.D.Fla.1983) (dicta); *In re Ivory*, 32 B.R. 788 (Bankr.D.Ore.1983). The holding in the two Florida cases follows Florida state law and cannot be applied to the present case which will follow Kansas state law. Further the opinion in *Ivory* in not following state law, is clearly contrary to *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

Thus, the better rule would bar what the debtor proposes here.

As a matter of state law, it would appear that the debtor has no right to reinstate the mortgage. After a sale of property under a decree foreclosing a mortgage on real property, legal title to the property does not pass until the sheriff's deed is executed and delivered. *Penn Mutual Life Ins. Co. v. Tittel*, 153 Kan. 530, 111 P.2d 1116 (1941). Should the mortgagor redeem before the sheriff's deed is issued, legal title remains unaffected by the foreclosure proceeding. *Id.* at 534, 111 P.2d 1116. However, the purchaser of property at a foreclosure sale has the rights of an equitable owner of property, and the mere passage of time will result in the transfer of the legal title. *United States Fidelity & Guaranty Co. v. Adams*, 219 Kan. 109, 547 P.2d 712 (1976); *Union Central Life Ins. Co. v. Reser*, 134 Kan. 876, 8 P.2d 366 (1932). Here ownership in the property had not been transferred to FLB at the time debtors filed their Chapter 12 petition. Where property has been foreclosed, but title has not yet been transferred to the purchaser, debtor's legal title to the land is property of the estate subjecting the property to turnover under 11 U.S.C. § 542, *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), and subjecting the creditor to the automatic stay. *In re Frost*, No. 82–40507, Slip Op. (Bankr.D.Kan.1983).

In this district, the Court, in other cases, has permitted a Chapter 13 debtor to cure a default on a mortgage up until the entry of the foreclosure judgment. *See In re Davis*, 16 B.R. 473 (D.Kan.1981). After foreclosure judgment is entered and after a foreclosure sale is confirmed, the debtor may only redeem by full satisfaction of the judgment debt within the redemption period. *See Davis* at 475; *In re Bickell*, No. 83–40737, Slip Op. (Bankr.D.Kan.1983).

2. The analogous Chapter 13 provision, § 1322(b)(5) reads:

(b) Subject to subsections (a) and (c) of this section, the plan may—

(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due;

A note and mortgage lien under Kansas law, become merged into a foreclosure judgment. *Anderson v. Anderson,* 155 Kan. 69, 123 P.2d 315 (1942); *Dumont v. Taylor,* 67 Kan. 727, 74 P. 234 (1903). Because a mortgage lien merges into the final judgment of foreclosure, there is no longer any mortgage to reinstate after foreclosure, and therefore, any Chapter 12 plan which proposes to reinstate a mortgage after a foreclosure judgment is entered cannot be confirmed. *In re Davis,* 15 B.R. 22 (Bankr.D.Kan.1981), *aff'd,* 16 B.R. 473 (D.C.Kan.1981); *In re Bickell,* No. 83–40737, Slip Op. (Bankr.D.Kan.1983); *In re Elliott,* Case No. 82–10940, Adv. No. 82–0610, Slip Op. (Bankr.D.Kan.1983). Therefore since the debtors seek to reinstate a mortgage that has already merged into the state court judgment of foreclosure, debtors' proposed Chapter 12 plan cannot be confirmed.

Section § 1222(b)(5) is not so powerful a remedy that it can set aside a state court judgment. *Matter of Roach, supra* at 1378; *In re Maiorino, supra; see also* Judge Kelly's comments in *In re Davis,* 16 B.R. at 475 (D.C.Kan.1981). In enacting § 1222(b)(5), Congress did not intend to provide a remedy of such a magnitude to overturn state control of real property issues. Nevertheless, the Court agrees that Congress did grant a Chapter 12 debtor the authority to cure his debt and restore certain contractual relationships. While it is clear that the debtor's right to cure a default in a farm mortgage survives acceleration, the Court must decide when this right terminates. When it applies the text of § 1222(b) in the context of Kansas law, the Court concludes that this right to cure and reinstate terminates upon entry of a foreclosure judgment. Once a judgment of foreclosure is rendered in Kansas, the mortgage is merged into the judgment. As a direct result, the mortgagor has no default to cure because there is no longer a mortgage in existence, and the power conferred by § 1222(b)(5) is simply inapplicable.

Thus the debtors here may not cure the default and reinstate the mortgages for payment under the plan as provided by § 1222(b)(5) because the mortgagee, at the time of entry of the foreclosure judgment, is entitled to payment in full satisfaction of that judgment. State law precludes a Chapter 12 debtor from relying upon the Bankruptcy Code to reinstate his indebtedness with the FLB after the entry of foreclosure judgment. This Court cannot therefore confirm the debtors' Chapter 12 plan because it incorrectly provides for the reinstatement of a foreclosed mortgage.

The foregoing constitutes findings of fact and conclusions of law as required by Fed.R.Civ.P. 52(a) and Fed.R.Bankr.P. 7052. A separate judgment will be entered giving effect to the determinations reached herein.

### JUDGMENT ON DECISION

This case is before the Court for ruling upon the objection of the Federal Land Bank of Wichita ("FLB") to confirmation of the Chapter 12 plan of Marvin Ray and Oreta Ann McKinney. The Honorable John K. Pearson, United States Bankruptcy Judge, presiding. The matter having been submitted to the Court through the parties' briefs, and a decision having been rendered,

IT IS ORDERED BY THE COURT that the debtors' Chapter 12 Plan be, and the same hereby is, denied confirmation because it incorrectly provides for the reinstatement of a foreclosed mortgage.